(164 App. Div. 234)

GERMAN SAVINGS BANK IN CITY OF NEW YORK v. WAGNER et al.
(No. 6108.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

1. INSANE PERSONS (§ 66*)—CONVEYANCES—VALIDITY—VACATION.

Where the committee of a lunatic had not rescinded a conveyance by her, he cannot, in an action to foreclose a mortgage given by her grantees, defeat the mortgage without avoiding the conveyance, for the conveyance of an insane person is not void, but only voidable, and so long as it stands the mortgage may be enforced.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 100–102, 104, 105; Dec. Dig. § 66.*]

2. LIMITATION OF ACTIONS (§ 74*)—CANCELLATION OF DEEDS—RUNNING OF STATUTE.

Under Code Civ. Proc. § 388, declaring that all actions, where no special limitation is prescribed, must be begun in ten years, an action to cancel a deed must be begun within that time, though, if the grantor be insane, the time is extended five years by section 396, subd. 3.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 413, 414; Dec. Dig. § 74.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**8. LIMITATION OF ACTIONS (§ 165\*)—DEFENSES.**
> Under Code Civ. Proc. § 397, declaring that a cause of action upon which no action can be maintained, cannot be interposed as a defense, the invalidity of a conveyance by an insane person cannot be interposed as a defense to an action to foreclose a mortgage given by the insane person's grantee, where the time for avoiding the conveyance is long since past.
> [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 649; Dec. Dig. § 165.\*]

Appeal from Special Term, New York County.

Action by the German Savings Bank in the City of New York against Phillip Wagner, as committee of the person and estate of Elizabeth Rosenstein, a lunatic, impleaded with others. From a judgment for the defendant named, plaintiff appeals. Reversed.

See, also, 158 App. Div. 917, 920, 143 N. Y. Supp. 1118.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Philip S. Dean, of New York City, for appellant.
Thomas O'Callaghan, of New York City, for respondent.

McLAUGHLIN, J. On the 10th of June, 1885, one Elizabeth Rosenstein was the owner in fee of certain premises in the city of New York, subject to two mortgages thereon, one for $7,000, and the other for $1,500. On the day named she conveyed the premises to George F. June, the consideration expressed being $22,000, and he thereafter conveyed to one Charles W. Mack, who on April 18, 1891, conveyed to one Schwoerer. The deeds from Mrs. Rosenstein to June and from June to Mack were recorded in the office of the register on the 29th of January, 1891. On June 29, 1891, Schwoerer, jointly with his wife, executed and delivered to the plaintiff a mortgage upon the same premises for $15,000, and this action was brought for its foreclosure and a sale thereunder.

On September 7, 1892, proceedings were instituted to declare Mrs. Rosenstein incompetent, and she was so adjudged;. Mack being appointed committee of her person and estate. He died in January, 1893, and the defendant Wagner, who was appointed to succeed him, has since that time acted and is now acting as the committee of her person and property. The incompetency of Mrs. Rosenstein, however, considerably antedates the proceeding to have her so declared; it appearing that she was committed as a lunatic on or about February 18, 1886, to Bloomingdale Asylum, where she was confined until her commitment to the institution where she is now held, hopelessly insane.

Wagner, as such committee, interposed an answer, alleging that, prior to the execution of the mortgage by Schwoerer to the plaintiff, Mrs. Rosenstein was the owner in fee of the premises described therein; that on the 10th of June, 1885, at the instance of her husband, Jacob Rosenstein, she conveyed the premises to June; that at that time, and at all times subsequent thereto, to the commencement of this action, she was an insane person, wholly incompetent to manage her affairs, and directly under the influence of her husband, for whose

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sole benefit all of the conveyances referred to were made, as well as the mortgage sought to be foreclosed; and by reason of these facts he asked for a judgment dismissing the complaint, with costs, that the premises described in the complaint be released and discharged from the lien of the mortgage, and for such further and other relief as the court might deem proper.

The trial court rendered a judgment to the effect that the plaintiff was not entitled to maintain the action for the foreclosure of its mortgage, except that it was entitled to be subrogated to the liens of the $7,000 and $1,500 mortgages referred to, and also certain taxes, water rents, and an insurance premium, amounting in the aggregate to $9,-276.34. The interest upon the plaintiff's mortgage was paid to the 1st day of March, 1911. The committee, however, was credited by the judgment with all interest paid over and above what was due on the subrogated mortgages, the effect of which was entirely to wipe out the plaintiff's mortgage, and judgment was given dismissing the complaint, with costs, amounting with the extra allowance to $686.04, besides the cancellation and discharge of plaintiff's mortgage and the mesne conveyances from Elizabeth Rosenstein to and including the one to Schwoerer. It is from this judgment that the present appeal is taken.

It is the contention of the respondent, and was so found by the trial court, that Mrs. Rosenstein was insane at the time of the conveyance to June, and that such conveyance was against her interest and solely for the benefit of her husband, Jacob Rosenstein. I think the evidence fairly establishes that the conveyance to June was taken for the benefit of Jacob Rosenstein, and that in the conveyances to June, Mack, and Schwoerer they were respectively acting as his dummies. The rents from the property were received by him up to the time of his death in February, 1892, and thereafter by the committee of Mrs. Rosenstein. There is, however, no evidence that the plaintiff had actual notice of Mrs. Rosenstein's incompetency when the mortgage in question was executed, and I do not think that all the collateral circumstances, when considered with the other evidence in the case, justify a conclusion that it had constructive notice.

[1] But if it be assumed that the trial court were justified—which I personally do not think it was—in finding from the undisputed testimony, unconvincing as it must have been after the lapse of 29 years, that Elizabeth Rosenstein was incompetent on June 10, 1885, that fact alone is not sufficient to sustain the judgment canceling and setting aside plaintiff's mortgage. As was said in Blinn v. Schwarz, 177 N. Y. 252, 69 N. E. 542, 101 Am. St. Rep. 806:

"Although the decisions of the courts upon the subject are not uniform, according to the weight of authority in this state, as well as elsewhere, the deed of a lunatic before office found is voidable only and not void."

Here neither the deeds of Mrs. Rosenstein to June, of June to Mack, or Mack to Schwoerer, nor the mortgage of Schwoerer, have been declared void. Relief from the payment of the mortgage in question cannot be obtained until these deeds have been declared void and set aside by a court of equity, and the parties to the conveyance or their

representatives must be named in such action. None of the deeds of conveyance have been declared void, nor were all of the parties to them named in this action. Not only this, but the defendant Wagner, as such committee, in the answer interposed by him, asked for no affirmative relief other than that the complaint be dismissed and the premises in question be released and discharged from the lien of the mortgage sought to be foreclosed. It is obvious that the defendant Wagner was not entitled to a judgment setting aside the deeds of conveyance. The mortgage in question could not be set aside and declared of no effect until the deed to the mortgagor had been disposed of. So long as that conveyance stands, Schwoerer holds the record title, and as such was entitled to execute the mortgage to the plaintiff.

[2, 3] The statute of limitations is also a complete bar to the defense interposed. A cause of action to declare invalid plaintiff's mortgage and the deed to June is in effect an action to set aside a deed or remove a cloud on title. Such an action must be commenced within ten years after the cause of action accrued. Code Civ. Proc. § 388. Insanity extends the time for bringing such an action five years. Code Civ. Proc. § 396, subd. 3. The time in which defendant might have brought such an action has, therefore, long since expired. A cause of action upon which an action cannot be maintained cannot be interposed as a defense, Code Civ. Proc. § 397. This section reads:

"A cause of action, upon which an action cannot be maintained, as prescribed in this title, cannot be effectually interposed as a defense or counterclaim."

The authorities cited by the respondent are all cases in which the defenses arise from the same transaction upon which the causes of action set forth in the complaint are based, and so are inapplicable to the case at bar.

It follows that the judgment appealed from must be reversed, with costs to appellant, and the usual judgment of foreclosure directed for the plaintiff, with costs. All concur.