MARY C. CHILFORD, as Committee of the Person and Property of NICHOLAS CHILFORD, an Incompetent Person, Plaintiff, *v.* CENTRAL CITY COLD STORAGE CO., INC., Defendant.

Supreme Court, Onondaga County, March 26, 1938.

*Oliver D. Burden*, for the plaintiff.

*Hancock, Dorr, Ryan & Shove*, for the defendant.

CROSS, J. This is a motion to dismiss the complaint in a negligence action on the ground that there is an existing final judgment of a court of competent jurisdiction rendered on the merits determining the same cause of action between the parties, or their privies, and on the further ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon. The latter ground of motion primarily involves the construction of section 60 of the Civil Practice Act relating to extension of time limited for commencement of such action by reason of a claim that the injured person was insane at the time of receiving the

injuries and that the condition of insanity has continued to the present time.

On the 24th day of January, 1938, the plaintiff was appointed, after inquisition found, committee of the person and property of her husband, Nicholas Chilford. On the 1st day of February, 1938, this action was brought to recover damages for injuries alleged to have been received by said Nicholas Chilford as the result of an explosion at defendant's plant in Syracuse, November 1, 1929. The action sounds in negligence. Another action, the gravamen of which was the same as the instant action, was commenced January 19, 1932, by the injured person and tried at a term of the Supreme Court, Onondaga county, before Mr. Justice FRANK J. CREGG and a jury, commencing December 6 and ending December 13, 1933. The jury returned a verdict in favor of the defendant. The issues of negligence, contributory negligence and damages were litigated in that action. Plaintiff (the injured person) and defendant were represented in that action by their respective attorneys.

On the 8th day of February, 1934, the then plaintiff served a notice of appeal, which was afterward dismissed on motion in the Appellate Division after reading affidavits filed in his behalf by his attorney, who, about February 5, 1936, had been substituted in place of the attorney who tried the case before Mr. Justice CREGG, and an order of dismissal of the appeal was entered May 19, 1934.

In July, 1936, a notice of motion, returnable September 14, 1936, for a new trial on the ground of newly-discovered evidence was served upon defendant's attorneys, and in said notice the then plaintiff was represented by still another attorney, although no order of substitution was served upon defendant's attorneys. The moving papers disclose that this motion was heard by Mr. Justice ABRAM ZOLLER, who informed the then plaintiff's attorney that the motion papers were inadequate, and in any event declined to hear the motion upon the ground that it should be made before Mr. Justice CREGG, who presided at the trial. The affidavit upon which the motion was based is made a part of the moving papers in this application. The record on this motion does not disclose whether the motion was ever pressed to a final determination.

I am of the opinion that the cause of action accrued on the 1st day of November, 1929, when the accident occurred, out of which these actions arise, and that the time limited by law for the commencement of the instant action expired eight years after the accrual of the cause of action. (Civ. Prac. Act, § 60; *German Savings Bank* v. *Wagner*, 164 App. Div. 234.)

The injured person was under no legal disability to sue or to be sued between the time of the accident and the time a committee of his person and property was appointed on January 24, 1938. (Civ. Prac. Act, § 236; *Matter of Palestine*, 151 Misc. 100, and cases there cited.) In fact, the injured person did sue and carry on extended litigation involving the essential issues of negligence, contributory negligence and damages, which have been disposed of adversely to him by a jury in a court of competent jurisdiction. The fact that the injured person had been, prior to the accident, on two occasions confined in a State hospital did not disqualify him as a witness. The determination of his competency was within the power of the trial court. (*Barker* v. *Washburn*, 200 N. Y. 280.) It cannot be presumed on this motion that the trial court did not do its duty.

Plaintiff, in the brief, on this motion leans heavily on the case of *McDonald* v. *Hovey* (110 U. S. 619). A reference to the cited case discloses that the phraseology there construed differed radically from the language found in section 60 of the Civil Practice Act.

The statute there considered related to the time limited for taking an appeal, and contained the following proviso: " Provided, That where a party entitled to prosecute a writ of error or to take an appeal is an infant, insane person, or imprisoned, such writ of error may be prosecuted, or such appeal may be taken, within two years after the judgment, decree, or order, *exclusive of the term of such disability.*"

It will be noted in the quoted excerpt from the cited statute that the entire term of disability is the measure of the exclusion. In section 60 (*supra*) the excluded disability specified puts a five-year limitation on the term of disability in so far as it is effective to extend the running of the Statute of Limitations.

The plaintiff refers to *Crapo* v. *City of Syracuse* (183 N. Y. 395) as a case which states most clearly the point urged, that the right of action did not accrue until someone was in a position to bring and maintain the action. That action was one brought by an administratrix under section 1902 of the Code of Civil Procedure to recover damages for wrongful act causing decedent's death, and the statute setting up a cause of action which did not exist at common law provided by its terms that such an action was to be brought by the executor or administrator of a decedent. Clearly, in that case, no person was in existence capable of bringing the action according to the plain terms of the statute until an executor or administrator had been duly appointed. The reasoning in that case, under the statute there involved, does not aid plaintiff here.

No case has been called to the court's attention involving

language similar to section 60 of the Civil Practice Act where an interpretation has been reached differing from the one arrived at in this decision.

The punctuation marks of section 60 of the Civil Practice Act are at best uncertain landmarks to guide the legal wayfarer along the royal road to its interpretation. The arrangement of the language of the section is not a paragon of grammatical precision.

The salutary object of a Statute of Limitations is to put an end to litigation and to secure peace and repose. In the statute under consideration, in order to protect persons suffering specified disabilities, a definite extension of time is given to them within which action may be begun. Section 60 of the Civil Practice Act expresses the benign purpose of safeguarding for a definite period the rights and remedies of persons suffering certain disabilities, beyond which period the peace and repose of the community is preserved by protection against suits based upon stale claims and ancient wrongs.

I am constrained to the conclusion that the instant action is barred by the Statute of Limitations and that the judgment upon the former trial is *res judicata* as to the essential elements of negligence and contributory negligence in the instant action.

This motion is not addressed to the discretion of the court and presents squarely the question of construction of statutes and established practice and procedure.

Motion granted, with ten dollars costs.