## MUNZER v. SWEDISH AMERICAN LINE et al.

District Court, S. D. New York.
Nov. 21, 1939.

Emanuel E. Weisberg, of New York City, for plaintiff.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for defendants.

MANDELBAUM, District Judge.

This is a motion to dismiss an amended complaint on the grounds that (1) it fails to state a claim upon which relief can be granted, and (2) that it appears on the face of the summons and the amended complaint that the action is barred by the statute of limitations.

The complaint alleges that on or about January 28th, 1932, plaintiff purchased a ticket entitling her to passage on defendant's vessel, the "Kungsholm" and that on or about February 12th, 1932, while she was a passenger on the vessel, "without any provocation by the plaintiff or just cause therefor and in breach of and in violation of the defendant's undertaking to safely convey the plaintiff from and to the Port of New York, the defendant, its servants, agents and employees, negligently, recklessly; unlawfully and illegally assaulted and imprisoned the plaintiff in the hospital ward or brig of the said vessel and kept the plaintiff in confinement there from that day for the balance of the duration of the voyage".

It is also asserted that because of these acts of the defendant or its servants, plaintiff became mentally unbalanced and suffered damages to the extent of $250,000.00.

The first ground upon which the motion is based is directed to the fact that plaintiff has attempted to state a cause of action, or causes of action, which sound in both tort and contract. Since the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a complaint is not defective merely because it joins causes of action in tort and in contract. Under Rule 8(e) (2), a party may state as many separate claims as he has and he is not bound to select a particular theory upon which he seeks a judgment. See Ottinger v. General Motors Corp., D.C., 27 F.Supp. 508.

The objection that the complaint shows upon its face that the action is barred by the statute of limitations is not well taken and should be made by way of an affirmative defense. See Rule 8(c) of the Federal Rules of Civil Procedure. The complaint alleges that as a result of defendant's acts, the plaintiff became mentally unbalanced and affidavits show that she was subsequently committed to an institution as an incompetent person. Section 60 of the New York Civil Practice Act provides that if a person who is entitled to maintain an action is insane at the time when the action accrues, "the time of such a disability is not a part of the time limited * * * for commencing the action". As defendant asserts, insanity is not a disability so far as the right to bring an action is concerned. See Civil Practice Act, Section 236, Wurster v. Armfield, 175 N.Y. 256, 67 N.E. 584, and an intervening incompetency does not interrupt the running of the statute. See McDonald v. Hovey, 110 U.S. 619, 4 S.Ct. 142, 28 L.Ed. 269; Scallon v. Manhattan Ry. Co., 185 N.Y. 359, 78 N.E. 284, 7 Ann.Cas. 168. Yet in the case of an insane person, as distinguished from an incompetent person, Section 60 of the Civil Practice Act has been construed as a bar to the statute beginning to run. See Chilford v. Central City Cold Storage Co. Inc., 166 Misc. 780, 3 N.Y.S.2d 386; German Savings Bank v. Wagner, 164 App.Div. 234, 49 N.Y.S. 654; In re Marine Trust Co., 156 Misc. 297, 281 N.Y.S. 553, 555. In view of the allegation that the plaintiff was insane at the time when the action accrued, the issue of the statute of limitations should await the trial.

The motion to dismiss the amended complaint is denied.