**MUTUAL LIFE INS. CO. OF NEW YORK**
**v. BALLARD et al.**
**No. 86.**

District Court, S. D. Florida.

Jan. 31, 1940.

R. W. Shackleford (of Shackleford, Farrior & Shannon), of Tampa, Fla., for plaintiff.

Chester Ferguson (of McKay, Macfarlane, Jackson & Ferguson), of Tampa, Fla., and Fred H. Mellor, of Fort Myers, Fla., for defendants.

AKERMAN, District Judge.

This suit has come before the court on motion of the plaintiff for summary judgment pursuant to Rule 56, Rules of Civil Procedure for District Courts, 28 U.S.C. A. following section 723c. The plaintiff instituted its action under the Federal Declaratory Judgment Statute, Jud.Code § 274d, 28 U.S.C.A. § 400, wherein it sought a determination of its rights and liabilities under the disability provisions of two policies of life insurance and specifically a declaration and determination as to whether it is entitled to pay, and the insured, Elmo M. Ballard, is required to pay, the full premiums as provided in said policies in order to maintain same in force and effect and likewise a declaration and determination of its liability to the defend-

ants, Elmo M. Ballard and Lee County Bank of Fort Myers, to which company the insured Ballard had assigned one of the policies, for disability benefits claimed to be due by the insured, Ballard. The policies of insurance are in the face amounts of $10,000 and $5,000, respectively.

Notice of the present hearing was duly served upon attorneys for the defendants in accordance with the rules and the cause has come on for hearing upon the complaint and answer and depositions taken on behalf of both the plaintiff and the defendant and the affidavit of Walter Klem in support of the allegations of the complaint as to the existence of the requisite jurisdictional sum.

The depositions taken on behalf of the plaintiff included the deposition of the insured, Elmo M. Ballard, his son, Walter Ballard, his attending physician, Dr. G. A. Longbrake, the foremen in charge of his farming activities, Emmett Kelly and Everett Kelly and likewise the deposition of Conrad Kelly, who was previously in the employ of the insured in connection with the farming activities, said depositions comprising approximately 76 pages.

The depositions on behalf of the defendant included his own deposition and those of Dr. G. A. Longbrake and Doctors Baker Whisnant and M. F. Johnson, same comprising 30 pages. Likewise in addition there was presented to the court the substance of the income tax returns made by the insured, Ballard, for the years 1936, 1937 and 1938.

■ The depositions and affidavit having been duly considered by the court and after full argument of counsel for the respective parties, the court is of the opinion that this cause is ripe for determination under Rule 56 inasmuch as the court is convinced that should this cause be permitted to go to trial as requested by the defendant on the issue of the insured's disability, that said issue could not be submitted to a jury but that a verdict would necessarily be instructed for the plaintiff. The depositions taken on behalf of the parties fully and exhaustively establish the facts incident to the nature and extent of the insured's disability and likewise fully establish the facts incident to the insured's ability vel non to engage in a gainful occupation. It appears quite clear to me what the truth is with reference to the is-

sues as to which a declaration is sought and the defendants have brought forward no evidence sufficient to create a genuine issue of fact, it is therefore ordered, adjudged and declared:

■ 1. That plaintiff's motion for summary judgment be, and same is hereby sustained.

2. That the insured, Elmo M. Ballard, did on the 25th day of December, 1937, sustain injury to his feet by reason of a fall which fractured certain of the bones in each foot and that the fracture of the bones in the right foot has resulted in a serious and permanent impairment to the use of said foot; that the fracture to the left foot was not nearly so severe and same was not such as to constitute a serious impairment to the use of said foot; that the injuries so sustained did, for a time, constitute total disability within the terms of the contracts involved in this cause but that insured's condition was at no time such as to constitute a permanent total disability within the terms and provisions of policy No. 2862306.

3. That on or prior to the 25th day of October, 1938, the condition of Elmo M. Ballard was such that he was able to follow a gainful occupation and to perform substantial work for compensation, gain or profit and that the plaintiff, Mutual Life Insurance Company of New York, paid to the insured, Elmo M. Ballard, all benefits due to him under its policy of insurance No. 3604881, and that it is without liability to the said Ballard.

4. That the plaintiff has paid to the defendant, Elmo M. Ballard, all sums due to him under the disability provisions of policy 3604881 and said plaintiff is not indebted to the said Elmo M. Ballard in any sum whatsoever under the aforesaid policy, and that the plaintiff is without obligation or liability to the defendants, Elmo M. Ballard or Lee County Bank of Fort Myers under policy No. 2862306, for that the said Ballard has at no time been totally and permanently disabled as defined and provided in said contract of insurance.

5. That the insured, Elmo M. Ballard, is now and has been at all times subsequent to October 25, 1938, able to engage in many lines of gainful occupation for remuneration or profit in a substantial manner taking into consideration his education, train-

ing and physical condition, without danger to his life or health.

6. That the insured, Elmo M. Ballard, has subsequent to October 25, 1938, actually engaged in the occupation which he was following at the time he sustained his injury, to wit, the management and operation of 160-acre potato farm and that the said Ballard did operate and manage said farm successfully during the season of 1938 and 1939 and did derive a substantial income therefrom; that while the injuries which he sustained and the resulting conditions have occasioned him to have additional assistance in the operation and management of the farm, he has nevertheless, with said additional assistance, pursued said occupation in a substantial manner and has performed substantially all of the duties which he performed prior to his injuries other than manual labor and his inability to perform manual labor does not constitute total disability within the terms of the contracts involved in this action.

7. That the insured, Elmo M. Ballard, is now and has been since October 25, 1938, able to engage in any line of gainful occupation which would not require him to be on his feet for substantial periods of time, nor require manual labor or physical exertion.

8. That the defendant, Elmo M. Ballard, is not entitled to receive, nor is the plaintiff required to make any disability payments upon or under the policy of insurance No. 3604881 for bodily injury or disease existing on the 25th day of October, 1938, or for any claim thereafter based upon the condition then existing. That neither defendant, Elmo M. Ballard, nor Lee County Bank of Fort Myers, is entitled to receive, nor is the plaintiff required to make any disability payments upon or under the provisions of policy No. 2862306 by reason of any claims for bodily injury sustained on December 25, 1937, or for any claim based upon disease or condition resulting from the above injury up to and including date of this decree. That the defendant, Elmo M. Ballard, is required to pay, and the plaintiff is entitled to receive, full premiums as provided in the policies of insurance numbered 2862306 and 3604881, in order to maintain said policies in force and effect as binding obligations of the plaintiff under the terms and provisions thereof.

An order may be drawn accordingly.