## MILLER et al. v. HOFFMAN et al.
### No. C–846.

District Court, D. New Jersey.
June 20, 1940.

Clifford A. Baldwin, of Camden, N. J., for plaintiffs.

Marshall H. Diverty, of Camden, N. J., for defendant.

Starr, Summerill & Lloyd, of Camden, N. J., for third party defendant.

AVIS, District Judge.

The above action was commenced in the New Jersey Supreme Court and removed to this court. The plaintiffs sued defendant for damages claimed to have been sustained by them arising out of a collision of automobiles. Defendant answered and, subsequently by appropriate orders, brought the third-party defendant into court as being the party responsible to plaintiffs for their damages. The third-party defendant filed an answer and also a counterclaim against defendant Hoffman for damages which he alleges he sustained by reason of Hoffman's negligence.

The case appears to be at issue with the exception that Hoffman has not as yet filed an answer to the counterclaim. In the meantime defendant Hoffman moves for summary judgment as against the counterclaim of Matthews, claiming that the latter shortly after the collision accepted five dollars from the representative of Hoffman in full satisfaction of any damages sustained by him and duly executed a full and complete release therefor. By deposition and affidavit it is proven conclusively that the five dollars was paid; that the release was signed; and that Matthews was and is satisfied with the settlement and has no claim against defendant Hoffman. These facts are not denied in the instant proceeding.

Counsel for the third-party defendant Matthews insists, however, that the motion should not prevail because it is claimed that the defense of a release cannot be disposed of on motion, preliminary to the filing of an answer setting up such defense as required in Rule 8(c) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Rule 56(b) is relied upon by counsel for the moving party, which reads as follows: "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

The Federal Rules of Civil Procedure provide various means for disposing of cases in which no fact issues are involved.

Rule 12(b)(6) permits the making of a motion by a defendant as against a complaint or counterclaim, and as a defense for "failure to state a claim upon which relief can be granted."

Rule 12(c) provides for motion for judgment on the pleadings after they are closed. This provision appears to be for the benefit of the plaintiff, although it might be used by either party if no motion had been made against the complaint.

Under Rule 12(f) a motion as to any pleading may be made if the matter therein is "redundant, immaterial, impertinent, or scandalous", and such portion of the pleadings may be stricken. And, of course, any or all of such defenses may be set up in pleading under Rule 12(b).

The other remedy is provided in Rule 56 which authorizes the entry of summary judgment and as applied to this case under the aforesaid copy.

The portion of Rule 8(c) relied upon by counsel for the third-party defendant reads as follows: "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, * * * release, * * * and any other matter constituting an avoidance or affirmative defense."

It is contended that, while defendant may make a motion for summary judgment after he has pleaded the release, it is technically impossible to enter a summary judgment, on motion, under Rule 56(b), not-

292

withstanding the fact that undoubtedly third-party defendant has, and can have, no cause of action on his counterclaim.

I am unable to agree with this claim. It is true that the court will not dismiss an action on motion under Rules 12(b)(6) and 12(c), which motion is directed only to the facts set forth in the pleadings, but under those rules will require the matter to be pleaded affirmatively. See Piest v. Tide Water Oil Co., D.C., 27 F.Supp. 1020; Holmberg v. Hannaford, D.C., 28 F.Supp. 216; Munzer v. Swedish American Line, D.C., 30 F.Supp. 789.

The above cases do not, however, refer to a motion for summary judgment under Rule 56(b).

No case directly in point has been called to my attention in the briefs, and I have been unable to find any.

My construction of Rule 8(c) is that it is intended to apply only when there is a necessity of filing a pleading setting up any of the defenses therein recited and which necessarily raises disputed questions of fact or law.

The summary judgment Rule 56(b) by reason of its language applies "at any time," if it appears by uncontradicted proof that a party to a proceeding actually has no cause of action. The principle seems to be that if, under the facts developed, the court at a trial would be required to direct a verdict for the moving party, then a summary judgment should be entered. See Gasifier Mfg. Co. v. Ford Motor Co., D.C., 1 F.R.D. 10; Whiteman v. Federal Life Ins. Co., D.C., 1 F.R.D. 95; Mutual Life Ins. Co. of New York v. Ballard, D.C., 1 F.R.D. 180; Sun Oil Co. v. Blevins, D.C., 29 F.Supp. 901.

Undoubtedly when any affirmative defenses are set up in the answer, a summary judgment method of disposing of issues may be used. Continental Illinois Nat. Bank & Trust Co. v. Ehrhart, D.C., 1 F.R. D. 199; Means v. MacFadden Publications, D.C., 25 F.Supp. 993; McGrath v. Helena Rubinstein, Inc., D.C., 29 F.Supp. 822; Downey v. Palmer, D.C., 32 F.Supp. 344.

My judgment is that the summary judgment rule may be used at any time where it clearly appears that a party to an action has no valid claim or defense.

Rule 1 of the Federal Rules of Civil Procedure states that "They shall be construed to secure the just, speedy, and inexpensive determination of every action."

The motion for summary judgment will be granted.

Present order by consent or upon notice.