INCORPORATED VILLAGE OF ISLAND PARK, Appellant, v. ISLAND PARK-LONG BEACH, INCORPORATED, Bankrupt, et al., Defendants, JOHN B. PANSMITH, Intervener, and FRED DURR, Intervener, Respondent.— In an action brought, as appellant claims, under article 15 of the Real Property Law, the amended complaint was dismissed as to respondent on the latter's motion under subdivision 6 of rule 107 of the Rules of Civil Practice, on the ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon. Order unanimously affirmed, with $10 costs and disbursements. Appellant may recover only through a judgment reforming the deed of dedication. Therefore, the action cannot be maintained unless brought within ten years after the right of action accrues. (*Hoyt* v. *Putnam*, 39 Hun 402.) Whether or not the Statute of Limitations began to run at the time of the delivery of the deed in 1933, as respondent contends, or at the time of the discovery of the mistake in 1936, as appellant contends, the ten-year Statute of Limitations had expired when respondent became a party to the action in November, 1947, and, therefore, the action was barred as against him. (*Shaw* v. *Cook*, 78 N. Y. 194.) The statute is available as a defense in this

action because appellant seeks to enforce a private, as distinguished from a public, right. Respondent is not a stranger to appellant's claim and he is in a position to plead the statute as a defense. (*Perry* v. *Fries,* 90 App. Div. 484.) There is no basis for a claim of estoppel on the part of respondent to plead the defense of the Statute of Limitations in view of the fact that respondent's conduct did not induce appellant to withhold suit until the statutory period expired. Present — Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ. [See *post,* p. 994.]