## MUNDY
### v.
### DEPENDENT SCHOOL DIST. NO. 32, OF MARSHALL COUNTY.

No. 36035.

Supreme Court of Oklahoma.

July 7, 1954.

Don Welch, Don E. Welch, Madill, for plaintiff in error.

Reuel W. Little, James C. Hamill, Madill, for defendant in error.

ARNOLD, Justice.

Jim Mundy brought this action in the District Court of Marshall County against Dependent School District No. 32 of Marshall County for reformation of a deed and cancellation thereof and to quiet his title to two acres out of the southwest corner of a certain 10-acre tract of land situated in Section 4, Township 6 South, Range 6 East, alleging that he was the legal and equitable owner and in possession thereof.

Defendant answered denying plaintiff's ownership and possession of the 2-acre tract in question; alleged that School District No. 33 went into possession of the full fee simple title to said land in 1910 by virtue of certain condemnation proceedings had in the District Court of Marshall County; that in 1925 plaintiff gave said School District No. 33 a warranty deed to said 2-acre tract containing no reservations of any kind and denying that there was a mutual mistake made in the estate granted under the deed; alleged that in 1945 said school district was annexed to and became a part of District No. 32; denied abandonment of said real estate; and by way of cross petition alleged that it had been in complete, open, exclusive, hostile and notorious possession of said lands since 1910; that plaintiff is barred by the various statutes of limitation; that plaintiff never claimed an interest of any

nature therein from 1910 until the land became valuable for oil purposes, whereby plaintiff was guilty of laches; and prayed that its title be quieted against plaintiff.

Defendant demanded a jury trial which was denied and the cause was tried to the court.

At the beginning of the trial it was stipulated by both parties that the land here in question was patented to plaintiff as a part of his surplus allotment from the Chickasaw Nation; that in 1910 School District No. 33 initiated a condemnation action to condemn said 2-acre tract of land for school purposes; all the pleadings in said action and the appearance docket were introduced in evidence and show a petition in condemnation alleging that the land was owned by Jas. Mundy, a minor, that his father and legal guardian had agreed to sell the land to the school district for $80 and had given possession thereof to the school district and asked for the appointment of appraisers to assess the value of the property; an order appointing three appraisers (which was not signed by the district judge), an oath of the commissioners, and report of the commissioners assessing the value of the land condemned at $80 and finding that the whole of said land must be taken for the purposes of the school house and necessary grounds are in the record but the record does not show nor does the appearance docket in the case show that any decree of condemnation was ever entered; it was also stipulated that School District No. 33 was annexed to School District No. 32 in 1945 and after the annexation the school buildings and teacherage were sold by the consolidated school district.

Plaintiff testified that he was 15 years old in 1910; that in 1925 the then County Superintendent of Schools told him the school district needed a deed to the two acres in order to get school aid; that he told the County Superintendent to draw up the deed with a provision that the school district could use the land so long as it was needed for school purposes and that upon cessation of use for school purposes the land would revert to plaintiff; that the County Superintendent agreed to these terms and conditions and brought him a deed to sign; that he did not read the deed, relying on the County Superintendent to draw it up in accordance with their agreement; that he and his wife signed it; that he did not learn that the deed did not contain the reversionary clause until 1945 after the school buildings were sold; that he thereafter had the land put on the tax rolls, paid some back taxes and had continued paying taxes; that after the school buildings were sold he had conversations with the three members of the school board of the consolidated District No. 32 individually and each had expressed a willingness to deed the two acres back to him and that they would have a meeting and talk it over; that the school house and other improvements were on the two acres and the land was used continuously for school and community purposes for over 35 years, from 1910 to 1945; that after 1945 one Earl McCoy moved on the two acres, building two cabins thereon; that upon inquiry he learned McCoy had a 20 year lease from the school board of District No. 32; that plaintiff never physically took over possession of the property; that he told McCoy that McCoy could stay on the property when plaintiff got it back; that he paid taxes on the property in 1949, 1950, and 1951; that in 1949 he filed an affidavit of record in which he claimed to be the owner of the property; that thereafter in 1951 he gave a lease for oil and gas purposes on the two acres; that the school board of District No. 32 gave the same party a lease on the two acres also; that he was never in possession as long as the school buildings were on the land and thereafter he thought he was in possession because he signed a lease on the land for oil and gas purposes. This was all of the plaintiff's testimony.

At the close of plaintiff's evidence defendant demurred on the ground that the evidence conclusively showed that plaintiff was not in possession; that the case was therefore not an equity case to quiet title but was an ejectment action and defendant was entitled to have a jury determine the question of the right of possession; and for the further reason that plaintiff was

barred by statute of limitations from asserting any claim to possession. This demurrer was overruled.

Defendant's evidence shows that the land was used for school purposes from 1910 until 1945; that in 1940 the school board of District No. 33 leased the land for oil and gas purposes and again in 1951 the school board of consolidated District No. 32 executed another lease; that on August 11, 1945, the school board of District No. 32 leased the surface of the land to one McCoy for 20 years at a $1 per year rental; that McCoy entered into possession under the lease and built two cabins on the property; that plaintiff asked for a deed to the two acres but was told that the land did not belong to the school board but to the district; over plaintiff's objections an oil and gas lease signed by plaintiff dated March 27, 1936, and a royalty deed signed by plaintiff dated November 15, 1939, were introduced in evidence, both of which instruments described the ten acres of which the land here in question is a part and both of which instruments specifically excepted said two acres as having been theretofore conveyed to the school district; that up until the time the school district was annexed to District 32 and the school buildings sold no claim adverse to that of the school district was ever asserted by anybody.

At the close of all the evidence the court found generally in favor of defendant, that the allegations of plaintiff's petition were not supported by the evidence, that defendant was the owner in fee simple of the land and plaintiff had no interest therein, and rendered judgment quieting title in defendant. From order overruling motion for new trial plaintiff appeals.

Plaintiff urges that the condemnation proceedings are void on their face, but if not void the school district took only a terminable fee thereunder and when it ceased to use the land for school purposes the title thereto reverted to plaintiff; and that the evidence of plaintiff that the warranty deed given by him in 1925 contained a mutual mistake as to the estate given was uncontradicted and therefore the deed should have been reformed to bespeak the true intentions of the parties.

The evidence shows that plaintiff was not in possession at any time from 1910 until 1945 when the school buildings were sold after the district was annexed to another district. Nor does it show that he went into possession of the land after the school buildings were sold. On the contrary, the evidence shows that the school district consolidated with District No. 32 was at all times in possession through their tenant McCoy. Regardless of the effect or validity of the condemnation on proceedings in 1910, plaintiff gave a warranty deed to the land in 1925 which deed conveyed a full fee simple title. He claimed he did not discover the alleged mutual mistake in the estate granted by the deed until 1945. An action for the reformation of a deed on grounds of mistake falls within the 6th subdivision of 12 O.S.1951 § 95, which provides:

"An action for relief, not hereinbefore provided for, can only be brought within five years after the cause of action shall have accrued."

In Hoskins v. Stites, 182 Okl. 455, 78 P.2d 413, we held that this five-year statute of limitations does not run against a grantee who has been in continuous, peaceable, and uninterrupted possession of the premises since the date of the execution of the instrument sought to be reformed but does run against one out of possession. The court found that plaintiff had not been in possession since the date of the execution of the deed, nor had he been in possession since 1945 when he alleged he first discovered the mistake. The evidence sustains this finding. This suit was not filed until 1951, more than 5 years after the date of the alleged discovery of the mistake. Plaintiff's action to have the deed reformed is therefore barred.

The judgment of the trial court is not clearly against the weight of the evidence.

Affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.

CORN, J., dissents.