Marcus L. **BURKE** and Dorothea E. Burke, Plaintiffs and Appellees,

v.

Robert L. **BUBBERS** and Grace V. Bubbers, Defendants and Appellants.

No. 14128.

Supreme Court of South Dakota.

Considered on Briefs Dec. 1, 1983.

Decided Jan. 4, 1984.

On December 12, 1973, appellants Robert L. Bubbers and Grace V. Bubbers (Bubbers) and appellees Marcus L. Burke and Dorothea E. Burke (Burkes) entered into an option to purchase real property, whereby Burkes agreed to sell 801.43 acres of real estate in Corson County, South Dakota, to Bubbers. Burkes owned 360.5675 mineral acres on or under the 801.43 surface acres to be sold; a prior owner had retained the remaining mineral rights. The option contained this wording: "The seller wants to retain ¼ of the mineral rights." On June 26, 1974, the transaction was completed with Burkes conveying the property by warranty deed to Bubbers. The deed failed to contain a reservation of mineral rights in Burkes.

In 1976, Bubbers leased the mineral rights in the land to Champlin Petroleum Company and received payments under the lease. When Burkes received no such payments, they checked the deed and discovered there was no reservation of mineral rights as had been agreed upon in the option. Burkes then commenced an action to reform the deed to conform to the option. Judgment was entered for Burkes despite Bubbers' claim that the cause of action was barred by the statute of limitations.

Bubbers raise two issues on appeal: 1) Did the trial court properly find the applicable statute of limitations to be a ten-year statute rather than a six-year statute? 2) Did the trial court properly find the intentions of the parties when correcting the mistake?

As to the first issue, the trial court found that in an action for reformation of deed, the proper statute of limitations to be applied is the ten-year statute found in SDCL 15–2–8(4): "Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within ten years after the cause of action shall have accrued: ... (4) An action for relief not otherwise provided for." Bubbers claim that this finding is in error, and that any action upon a contract

Harvey M. Crow, McIntosh, for plaintiffs and appellees.

Curtis W. Hanks, Lemmon, for defendants and appellants.

DUNN, Justice.

This is an appeal from a judgment of the circuit court reforming and correcting a deed to conform to the intention of the parties. We affirm in part, reverse in part, and remand.

is subject to the six-year statute of limitations set forth in SDCL 15–2–13(1).*

█ Bubbers refer to this as an action upon a contract, maintaining that the transaction is grounded upon the option to purchase real property. Despite Bubbers' claim, this is not a contract action; it is an action to reform a deed. As such, one cannot look to the statute of limitations for contract actions. However, there is no express statute of limitations in the South Dakota code for reformation of deed actions. Therefore, we must deal with an issue never before decided by this court: What statute of limitations should apply to a reformation of deed action?

█ Other jurisdictions which have faced this question have generally reached one of two conclusions: some apply the statute of limitations for claims based upon fraud or mistake; others apply the statute of limitations for claims not otherwise provided for. Annot., 36 A.L.R.2d 687, § 29 (1954). The former result is inappropriate in South Dakota; while our code contains a six-year statute of limitations for claims based upon fraud, SDCL 15–2–13(6), there is none for causes of action based upon fraud *or* mistake. Inasmuch as no fraud is alleged in this case, SDCL 15–2–13(6) cannot be applied. Therefore, since this jurisdiction has no statute of limitations for reformation of deed actions, and since the action in the present case is grounded on mistake rather than fraud, we hold that the trial court properly applied the ten-year statute for causes of action not otherwise provided for to this reformation of deed action. *See Siegel v. Hackler*, 181 Kan. 316, 310 P.2d 914 (1957); *Incorporated Village v. Island Park—Long Beach*, 274 App.Div. 930, 83 N.Y.S.2d 542 (1948); *Mundy v. Dependent School Dist. No. 32*, 272 P.2d 447 (Okl.1954); *Miles v. Martin*, 159 Tex. 336, 321 S.W.2d 62 (1959).

As to the second issue, Bubbers contend that the trial court did not consider the true intent of the parties in correcting the mistake in the deed. The trial court found that Burkes intended to reserve to themselves one-fourth of the mineral rights in the 801.43 acres sold to Bubbers, or 200.-3575 mineral acres. Bubbers claim that Burkes intended to reserve only one-fourth of the 360.5675 mineral acres owned by them, or 91.14 mineral acres.

█ When reformation is sought upon the grounds of mistake, the right to remedy stems from the fact that the minds of the parties met on the terms of the bargain they intended, but because of mistake the writing fails to express that intention. In granting the reform, the court merely revises the writing to express their prior agreement. *Garber v. Haskins*, 84 S.D. 459, 172 N.W.2d 721 (1969); *Essington v. Buchele*, 79 S.D. 544, 115 N.W.2d 129 (1962).

█ Here, the prior agreement of the parties, as written into the purchase option, was to complete a sale of 801.43 acres of real property, with Burkes reserving to themselves "¼ of the mineral rights." Thus, the trial court was correct in finding that the deed should be reformed to reflect a reservation of a mineral interest in the Burkes. However, the words of reservation must be understood as a reservation of one-fourth of the mineral rights actually owned by Burkes, rather than a reservation of one-fourth of the mineral rights in the total acreage sold. Since Burkes did not own the mineral rights to the entire 801.43-acre tract, but rather owned only 360.5675 mineral acres, they could not reserve one-fourth of the minerals in the 801.43 acres. One cannot reserve one-fourth of something he does not own. Burkes could reserve only one-fourth of the mineral rights actually owned by them (360.5675 acres × ¼ = 91.14 acres). Under the trial court's finding, Burkes would be reserving 55.56% of the mineral rights

---

* SDCL 15–2–13 provides, in pertinent part:

Except where, in special cases, a different limitation is prescribed by statute, the following civil actions ... can be commenced only within six years after the cause of action shall have accrued:

(1) An action upon a contract, obligation, or liability, express or implied ....

owned by them (200.3575 acres divided by 360.5675 acres = 55.56%), and not the one-fourth mentioned in the purchase option. Therefore, the trial court's finding as to the intent of the parties concerning the amount of the reservation is clearly erroneous. SDCL 15–6–52(a).

We remand for entry of an order reforming and correcting the deed to indicate that Burkes reserved to themselves a one-fourth interest in the 360.5675 mineral acres owned by them.

All the Justices concur.

