■ JANICE L. VESPERMAN, Respondent, v GARY P. WORMSER et al., Respondents, and CONNAUGHT LABORATORIES, INC., Appellant. [725 NYS2d 361] —In an action to recover damages for products liability and medical malpractice, the defendant Con-

naught Laboratories, Inc., appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered August 24, 1999, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and to preclude the plaintiff from introducing at trial certain expert testimony, and (2) an order of the same court entered February 24, 2000, as, upon renewal, adhered to so much of the determination in the order entered August 24, 1999, as denied that branch of its prior motion which was to preclude certain testimony of the plaintiff's expert witness.

Ordered that the appeal from so much of the order entered August 24, 1999, as denied that branch of the motion which was to preclude certain testimony of the plaintiff's expert witness, and the appeal from the order entered February 24, 2000, are dismissed; and it is further,

Ordered that the order entered August 24, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that respondents appearing separately and filing separate briefs are awarded one bill of costs.

In March 1994 the plaintiff's decedent Marvin Fichter volunteered to participate in an investigational study of an experimental vaccine for Lyme disease sponsored by the defendant Connaught Laboratories, Inc. (hereinafter Connaught). The plaintiff had a prior history of Lyme disease. Shortly after his second injection, Fichter experienced several adverse effects, including joint pain and scalp tenderness. The plaintiff commenced this action against the defendants alleging medical malpractice and strict products liability.

The Supreme Court properly denied Connaught's motion for summary judgment as the plaintiff raised issues of fact regarding the adequacy of the warnings provided by Connaught to the defendant Dr. Gary P. Wormser, the "Principal Investigator" of the study (*see, Bukowski v CooperVision, Inc.,* 185 AD2d 31, 33). In addition, there are issues of fact regarding Connaught's vicarious liability for the acts and/or omissions of the defendants Wormser, New York Medical College, and Dr. Cynthia Aranow.

It is well settled that no appeal lies from an order adjudicating in advance of trial the admissibility of evidence (*see,* CPLR 5701; *Menis v Raksin,* 154 AD2d 357; *Pellegrino v New York City Tr. Auth.,* 141 AD2d 709; *Cotgreave v Public Adm'r of Imperial County,* 91 AD2d 600). The Supreme Court's ruling on the admissibility of the testimony of the plaintiff's expert is such an order. Bracken, P. J., O'Brien, Santucci and McGinity, JJ., concur.