■ RICHARD P. BOOTH, Respondent-Appellant, v AMERIQUEST MORTGAGE COMPANY, Appellant-Respondent. [882 NYS2d 142]—

In an action, inter alia, to cancel and discharge a mortgage, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated July 7, 2008, as denied that branch of its motion which was for summary judgment dismissing, as time-barred, so much of the complaint as sought to cancel and discharge the mortgage based on the incapacity of the plaintiff's decedent to assign his leasehold interest on November 9, 1998, and the plaintiff cross-appeals from stated portions of the same order, which, among other things, granted that branch of the defendant's motion which was to preclude him from introducing into evidence at trial an order of the Surrogate's Court, Suffolk County, dated March 31, 2006.

Ordered that the cross appeal from so much of the order as granted that branch of the defendant's motion which was to preclude the plaintiff from introducing into evidence an order of the Surrogate's Court, Suffolk County, dated March 31, 2006, is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Donald Booth and his wife Diane Booth had a leasehold estate in land located in the Town of Babylon pursuant to a lease dated January 1, 1977, which was renewed in August 1990. After Diane died in August 1998, Donald assigned the leasehold estate to himself and his younger son Donald, Jr., by lease assignment dated November 9, 1998. Donald died on or about October 6, 2000. Shortly thereafter, Donald, Jr. assigned the lease to himself and his wife Michelle as joint tenants. On March 23, 2003 they gave a mortgage on the leasehold to the defendant, Ameriquest Mortgage Company, to secure a $435,000 loan. Donald, Jr. and Michelle subsequently defaulted on the mortgage and Ameriquest instituted a foreclosure action.

In January 2001 Donald's sister filed a petition for the probate of a will purportedly executed by Donald on June 22, 2000. The plaintiff Richard Booth, who is Donald's older son, objected to

the petition on the grounds that Donald was not competent to execute the will and that the will had been executed as a result of fraud and undue influence exerted by Donald, Jr. The probate petition was subsequently withdrawn, and in April 2005 the plaintiff was appointed administrator of Donald's estate.

In August 2003 the plaintiff commenced an action against Donald, Jr. to declare the November 9, 1998 lease assignment invalid. After Donald, Jr. died in January 2005, that action was transferred to the Surrogate's Court. By order dated March 31, 2006, the Surrogate's Court declared that both lease assignments were invalid and that the plaintiff was the sole beneficiary of Donald's estate.

The plaintiff commenced this action on August 2, 2006 to adjudge the mortgage null and void, to cancel and discharge the mortgage of record, and to bar Ameriquest from all claims to, and interest in, the property. The complaint alleges, among other things, that the mortgage should be cancelled because a reasonable examination of the records would have revealed that Donald was incapacitated at the time of the assignment of the leasehold estate in November 1998 and Ameriquest was on inquiry notice of the claim of Donald's estate to the leasehold.

Ameriquest moved for leave to amend its answer to assert the statute of limitations as a defense, for summary judgment dismissing the complaint on that ground to the extent that it is predicated on the invalidity of the 1998 assignment, for summary judgment dismissing the fraud claims for failure to plead them with specificity or, in the alternative, to compel discovery and to preclude the plaintiff from introducing into evidence at trial the March 31, 2006, order of the Surrogate's Court.

The Supreme Court correctly denied that branch of Ameriquest's motion which was for summary judgment dismissing so much of the complaint as sought to cancel and discharge the mortgage on the ground that the claim was time-barred. An action to set aside a mortgage is subject to the residual limitations period (*see Incorporated Vil. of Is. Park v Island Park Long-Beach, Inc.,* 274 App Div 930 [1948]; *German Sav. Bank v Wagner,* 164 App Div 234 [1914], *affd* 220 NY 608 [1917]; *Matter of Reilly,* 17 Misc 2d 1077 [1956], *affd* 3 AD2d 1001 [1957]), which is now six years (*see* CPLR 213 [1]). The limitations period does not begin to run until there is a legal right to relief. "[A]ccrual occurs when the claim becomes enforceable, i.e., when all elements of the [cause of action] can be truthfully alleged in a complaint" (*Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94 [1993]; *see Jacobus v Colgate,* 217 NY 235, 245 [1916]; *Roldan v Allstate Ins. Co.,* 149 AD2d 20, 26 [1989]). Here, the complaint

sought to cancel and discharge the mortgage which was executed by Ameriquest, Donald, Jr. and Michelle on March 23, 2003. Thus, since the action to set aside the mortgage did not accrue until the execution of the mortgage, the plaintiff timely commenced this action on August 2, 2006.

The cross appeal from so much of the order as granted that branch of the defendant's motion which was to preclude the plaintiff from introducing into evidence at trial the order of the Surrogate's Court, Suffolk County, dated March 31, 2006, must be dismissed, because such evidentiary ruling, even when "made in advance of trial on motion papers . . . is neither appealable as of right nor by permission" (*Cotgreave v Public Adm'r of Imperial County [Cal.]*, 91 AD2d 600, 601 [1982]; *see Winograd v Price*, 21 AD3d 956 [2005]; *Vesperman v Wormser*, 283 AD2d 637, 638 [2001]).

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Covello, Angiolillo and Dickerson, JJ., concur.