## NOCATEE FRUIT CO. v. FOSGATE.

(Circuit Court of Appeals, Fifth Circuit. March 6, 1926.)

No. 4680.

1. **Fraud** ⊂═⊃18—**Intentional misrepresentation of material fact, to mislead another, is "positive fraud."**

Where party intentionally or by design misrepresents material fact, or produces false impression in order to mislead another, or to obtain undue advantage of one, there is "positive fraud," and misrepresentation may be by deeds or acts, as well as by words.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Positive Fraud.]

2. **Fraud** ⊂═⊃13(2)—**Whether party making misrepresentation knew it to be false, or made assertion without knowing it to be true or false, is immaterial.**

Whether party making misrepresentation knew it to be false, or made assertion without knowing it to be true or false, is immaterial, as affirmation of what one does not know or believe to be true is equally as unjustifiable as what is known to be positively false.

3. **Pleading** ⊂═⊃53(2)—**Count for money had and received held not inconsistent with counts in deceit.**

Counts in declaration for money had and received were not inconsistent with counts in deceit, as fraud may be shown in action for money had and received.

4. **Appeal and error** ⊂═⊃273(6)—**Assignment of error to general charge may be properly disregarded, where exceptions were taken to charge and to each separate point and principle set forth therein.**

Exceptions to general charge, and to each separate point, statement, and principle set forth, *held* insufficient to call judge's attention

to each particular error, and assignments of error thereto may be properly disregarded.

**5. Fraud ☞65(3)—Vendor and purchaser ☞ 341(4)—Charge, in purchaser's action to recover money paid and for damages for misrepresentation of amount of land, that shortage of 75 acres was not covered by word "approximately," and that plaintiff could recover if defendant carelessly made representations, or should have known amount, held proper.**

In action for deceit and money had and received, because of misrepresentation of amount of land contained in option contract, charge that shortage of 75 acres would not be covered by word "approximately," and that if defendant recklessly and carelessly made representations as to amount, or should have known amount of land therein when he represented it to plaintiff, plaintiff could recover, *held* proper.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series; Approximate—Approximately.]

**6. Trial ☞252(1), 260(1).**

Refusing charges either covered in substance by general charge or wholly inapplicable to law and facts *held* not error.

**7. Fraud ☞47—Vendor and purchaser ☞341 (3)—Testimony that actual value of property exceeded purchase price held inadmissible in purchaser's action for money paid and for damages for misrepresentation as to amount of land.**

In purchaser's action for money paid and for damages for misrepresentation by vendor as to amount of land covered by option testimony that actual value of property exceeded purchase price *held* inadmissible.

**8. Estoppel ☞63, 92(2).**

One does not waive right to sue for deceit by accepting benefits of contract, or by taking steps to minimize his loss.

**9. Estoppel ☞63—Assignor of option to purchase land, having abated portion of purchase price to induce assignee to complete contract, on discovery that there was misrepresentation of number of acres, is not estopped to sue vendor for such misrepresentation.**

Purchaser under option contract, having abated portion of price to assignee of contract to induce him to complete option after discovery that there was misrepresentation of number of acres, did not waive his rights, and was not estopped to sue vendor for such misrepresentation.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call and Lake Jones, Judges.

Action by L. E. Fosgate against the Nocatee Fruit Company. From an order overruling demurrers to declaration and striking various pleas (299 F. 963, and 3 F.[2d] 606), defendant brings error. Affirmed.

G. E. Mabry, O. K. Reaves, and D. E. Carlton, all of Tampa, Fla., for plaintiff in error.

Sam R. Marks and Francis M. Holt, both of Jacksonville, Fla. (Marks, Marks & Holt, of Jacksonville, Fla., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case the issues may be stated by a summary of the declaration. The parties will be referred to as they appeared in the District Court. After demurrers had been sustained to the original declaration, defendant in error, plaintiff below, filed four additional counts, the first three in deceit and the fourth for money had and received.

Demurrers were overruled to these counts and certain pleas were stricken. After the taking of the evidence the court withdrew the first count from consideration of the jury and submitted the case on the three remaining counts. It is necessary to consider only the second, third, and fourth counts. The second count, by reference to the first count, with additional allegations, alleged in substance as follows:

Plaintiff was granted an option to purchase certain property in De Soto county, Fla., owned by defendant, plaintiff in error, consisting largely of orange groves, for the price of $350,000, payable $15,000 cash, and the balance from time to time thereafter. He made payments on account exceeding $50,000, but thereafter the contract was amended, and plaintiff was granted an option, which was to expire April 2, 1923, to purchase the property for the sum of $320,536.96. Before the option expired he assigned it to one S. O. Chase, who had agreed to reimburse plaintiff for his investment in the property. In the option one of the groves, known as the Nocatee grove, was represented as containing altogether approximately 300 acres, of which approximately 175 acres were in grove. Chase exercised the option, but defendant was unable to deliver the acreage specified, as there was a shortage of 35 acres of grove and 40 acres of unimproved land. Chase took title after negotiations with plaintiff, as a result of which $25,000 was deducted from the sum Chase paid to plaintiff. The count then alleged:

"That defendant, at the time of misrepresenting the facts regarding the acreage of said grove and grove property, made said misrepresentations recklessly and without

authentic information as to the truth or falsity thereof, for the purpose of inducing plaintiff to rely and act thereon, and plaintiff, believing therein and being ignorant of the true facts, did rely and act thereon, as herein alleged."

The third count was the same, except that the allegation of fraud was in substance this: That the defendant had been the owner of the property for several years prior, and had inspected and cultivated it and gathered crops, and had ample opportunity to know the extent of the acreage, and "either then knew or should have known of the falsity of such representations, and plaintiff did not know said representations were false, but believed them to be true, and relied entirely upon said representations of defendant."

Error is assigned to the action of the court in overruling the demurrers and striking various pleas. Defendant contends that there can be no recovery in an action for deceit, unless willful fraud is alleged and shown, and that these counts did not state a cause of action, particularly because scienter is not alleged.

[1, 2] The early case of Smith v. Richards, 13 Pet. 26, 10 L. Ed. 42, considered the question of fraud exhaustively, and the conclusions of the court may be epitomized thus: Where a party intentionally or by design misrepresents a material fact, or produces a false impression in order to mislead another or to obtain an undue advantage of him, there is positive fraud in the truest sense of the term. The misrepresentation may be as well by deeds or acts as by words. Whether the party making a misrepresentation knew it to be false, or made the assertion without knowing it to be true or false, is wholly immaterial. The affirmation of what one does not know or believe to be true is equally in morals and law as unjustifiable as the affirmation of what is known to be positively false. And even if a party innocently misrepresents a fact by mistake, it is equally conclusive, because it operates as a surprise and imposition on the other party, and misleads the parties contracting, on the subject of the contract.

In the leading case of Watson v. Jones, 41 Fla. 241, 25 So. 678, a case not differing materially in principle from the one at bar, the Supreme Court of Florida held that, "wherever a party makes a false representation of a material fact to a person ignorant thereof, with intention that it shall be acted upon, followed by reliance upon and by action thereon, amounting to a substantial change of position, and the special situation

or means of knowledge of the party making the statement were such that it was his duty to know as to the truth or falsity of the representation, such party is in law guilty of fraud, as much so as if he actually knew that his statement was false." And the court further held that averments in the declaration as above stated sufficiently alleged scienter.

[3] We think these cases clearly state the law applicable to this case, and dispose of defendant's contentions as to the rulings of the court upon the pleadings, so far as the second and third counts are concerned. It is elementary that fraud may be shown in an action for money had and received. That count was not inconsistent with the other counts on which the case was submitted, and reversible error is not shown.

[4] With regard to the objections urged to portions of the charge of the court, it appears from the record that exception was noted to the general charge in these terms: "Exceptions of both sides to this charge that the court has given, and to each separate point, statement and principle set forth in the charge is noted." This was clearly not sufficient to call the judge's attention to any particular error in the charge. The assignments of error running to the general charge of the court might be properly disregarded; however, we have examined the charge in its entirety, and will consider the principal objection urged thereto.

[5] The court, after reviewing the pleadings, charged in substance as follows: That if the jury found that there was a shortage or variation in the acreage of 75 acres it would not be covered by the word "approximately," used in the contract, and if the plaintiff had convinced the jury by a preponderance of the evidence that the defendant recklessly and carelessly made these representations as to the amount of acres in the grove, or should have known the amount of land when he undertook to represent it to plaintiff, and the plaintiff acted upon and believed the representations, then plaintiff should recover. We find no error in the charge of the court.

[6] The special charges requested were either covered in substance by the general charge or wholly inapplicable to the law and the facts of the case. It was not error to refuse them.

[7] It is also clear that the testimony offered to show that the actual value of the property exceeded the purchase price was inadmissible. The ruling of the court excluding it was not error.

[8, 9] Error is also assigned to the refusal

of the court to direct a verdict for defendant. As perhaps applicable to this motion, defendant contends that plaintiff had waived his rights by transferring the option to Chase, and was estopped to sue. It may be considered settled that one does not waive his right to sue for deceit merely by accepting the benefits of a contract, nor by taking steps to minimize his loss. 10 Stand. Ency. Procedure, p. 40, verbo "Fraud and Deceit." It is not disputed that the shortage in acreage was as alleged, except that defendant endeavored to show that what was meant by the word "grove" was the land under fence, and not the acreage actually planted in orange trees. As to this there was a conflict in the evidence. Further, it was clearly shown that plaintiff had lost $25,000.

It was not error to submit the issues to the jury.

Affirmed.