**SCHREFFLER et al. v. BOWLES.**

No. 3188.

Circuit Court of Appeals, Tenth Circuit.

Jan. 12, 1946.

Rehearing Denied Feb. 23, 1946.

Byron G. Rogers and Frank A. Bruno, both of Denver, Colo. (W. David McClain, of Denver, Colo., on the brief), for appellants.

Albert Dreyer, of Washington, D. C. (George Moncharsh, David London, and Samuel Rosenwein, all of Washington, D. C., and Max D. Melville and Henry E. Lutz, both of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Pursuant to Section 205(e) of the Emergency Price Control Act of 1942, as amended,[1] appellee, as Price Administrator of the Office of Price Administration, instituted an action against appellants for treble damages for alleged violations of Revised Price Regulation No. 49, as amended, in the alleged purchase and resale of steel products. An amended complaint was filed which had attached to it Exhibit A. This exhibit contained an itemized list of sales, names of purchasers, purchase order numbers, dates of shipments, invoice numbers, net cost to the purchasers, allowable cost to purchasers, and the amount of the claimed overcharges on each item and the total amount of overcharges for which judgment was

---

[1] 56 Stat. 23, 50 Appendix, U.S.C.A. § 901 et seq., as amended by the Stabilization Extension Act of 1944, Pub.Law 383, 78th Congress, 2d Session, June 30, 1944, 58 Stat. 640, 50 Appendix, U.S. C.A. § 925.

sought. All the statistical data of the exhibit was taken from appellants' books. Appellants filed an answer containing nine separate defenses, including a general denial. Appellee thereupon moved for summary judgment under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The verified motion for summary judgment alleged that the answer raised no genuine issue as to any material facts and that the defenses set out therein were fictitious and frivolous. In support of the motion, appellee filed the affidavits of its two agents who examined appellants' books and prepared the schedules set out in Exhibit A. The substance of the affidavits was that the items set out in Exhibit A were taken from appellants' books and that the exhibit correctly reflected what appeared on appellants' records. The motion for summary judgment was sustained and judgment was entered for the actual amount of the overcharges. Appellants have appealed. The only question presented is whether the trial court erred in sustaining the motion for summary judgment.

The salutary purpose of Rule 56 is to permit speedy and expeditious disposal of cases where the pleadings do not as a matter of fact present any substantial question for determination. Flimsy or transparent charges or allegations are insufficient to sustain a justiciable controversy requiring the submission thereof.[2] The purpose of the rule is to permit the trier to pierce formal allegations of facts in pleadings and grant relief by summary judgment when it appears from uncontroverted facts set forth in affidavits, depositions or admissions on file that there are as a matter of fact no genuine issues for trial.[3]

The overcharges set out in the complaint, which are the basis of the trial court's judgment, were the result of calculations and computations taken from appellants' own books and records which they were required to keep under the Act. These records were furnished to appellee for inspection. The correctness and accuracy of these computations were fortified by the affidavits of the two accountants who made the examination of the books and therefrom prepared Exhibit A. The correctness or authenticity of the schedules of Exhibit A were not specifically denied or disputed by appellants' answer. No affidavits were filed challenging the verified statements of the two accountants who prepared the schedules. In the condition of the record, a mere general denial in the answer of the allegations of the complaint was insufficient to place in issue the correctness of the items of the schedules in Exhibit A, and the court was correct in entering summary judgment unless one of the affirmative defenses tendered a substantial issue which would preclude the entry of such a judgment.

The second, third, and sixth defenses are wholly without merit and no further reference will be made to them. In their fourth defense, appellants pleaded the one-year statute of limitations as to certain items which were sold more than one year before the action was instituted. Schedule A, however, shows that all of these items were shipped and delivered less than one year before the action was instituted. Section 4(a) of the Act, 50 Appendix, U.S.C.A. § 904(a), makes it "unlawful * * * to sell or deliver any commodity, or in the course of trade or business to buy or receive any commodity * * * or otherwise to do or omit to do any act, in violation of any regulation or order under section 2, or of any price schedule effective in accordance with the provision of section 206, or of any regulation, order, or requirement under section 202(b) or section 205(f), or to offer, solicit, attempt, or agree to do any of the foregoing." The words "sell and deliver" are not synonymous terms. They have separate and distinct meanings. It must be presumed that Congress used them according to their ordinary and usual accepted meaning and understanding. Otherwise there would have been no need to include them both in the Act. Revised Price Schedule No. 49 forbids, among others, the sale, delivery or transfer of iron or steel in excess of the maximum prices. Under both the provisions of the Act and of Regulation No. 49, the sale or delivery of steel or iron products in excess of maximum prices constitutes separate and distinct violations. The articles having been shipped and delivered within the one year period, the action was timely and the statute of limitations was no defense.

In their fifth defense, appellants sought to invoke the equitable doctrine of

---

[2] Sabin v. Home Owners' Loan Corp., 10 Cir., 151 F.2d 541.

[3] Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469.

estoppel. The basis for this was the alleged claim that R. E. Schreffler sought and obtained information from one F. R. Widmer, an employee of the Office of Price Administration in Washington, as to his rights to charge the prices in question. The regulations require one desiring an official interpretation of a rule or regulation to make a request therefor in writing and provide that official interpretations shall be given only in writing by one of a specified list of authorized persons. No attempt was made to comply with this reasonable regulation. All that is claimed was that Schreffler had an oral conference with Widmer in Washington and was told he was authorized to charge the prices which were charged. The rule which requires requests for official interpretation to be in writing and requires that such interpretations must be given in writing and must be signed by an authorized person lays down an orderly, reasonable procedure. Its purpose is to avoid just such controversies and claims as are asserted here. If the Administrator could be bound or estopped by oral interpretations by any one of the large number of his subordinates throughout the entire United States, the effective enforcement of the Act would be seriously hampered, if not entirely destroyed. Having failed to comply with the prescribed method for obtaining an official ruling, appellants were not entitled to rely on an unofficial, oral opinion, and no estoppel arose thereby.[4]

In their seventh defense, appellants urged that they acted in good faith and that good faith was a complete defense to an action for damages in any amount. It is argued that this defense tendered a substantial issue which precluded entry of summary judgment. Section 205(d) of the Act provides that: "No person shall be held liable for damages or penalties * * * on any grounds for or in respect of anything done or omitted to be done in good faith pursuant to any provision of this Act or any regulation, order, price schedule, requirement, or agreement thereunder, or under any price schedule of the Administrator of the Office of Price Administration * * * notwithstanding that subsequently such provision, regulation, order, price schedule, requirement, or agreement may be modified, rescinded, or determined to be invalid." Appellants in their brief concede that the good faith referred to in Section 205(d) of the Act is the same good faith referred to in Section 54 of Revised Procedural Regulation No. 1, wherein it is provided that: "An interpretation rendered by an officer or employee of the Office of Price Administration with respect to any provision of the Act or of any regulation, price schedule, order, requirement, or agreement thereunder will be regarded by the Office of Price Administration as official only if such interpretation was requested and issued in accordance with Section 55 of this regulation. *Action taken in reliance upon and in conformity with an official interpretation and prior to any revocation or modification thereof or to any superseding thereof by regulation, order or amendment, shall constitute action in good faith pursuant to the provision of the Act or of the regulation,* * * *"[5]

Appellants therefore could urge good faith as a defense only if they followed the law in obtaining the advice upon which they relied. This they failed to do. They did not obtain an official interpretation. At most, they obtained only an oral opinion. It follows as a matter of law that the defense of good faith was not available and that the mere general allegation of good faith in the answer raised no substantial issue of fact.

The only defense which presented any possible factual question for trial was the eighth defense. The substance of this defense was that appellants were not subject to the Price Control Act or the regulations promulgated thereunder because they were not engaged in the purchase and sale of iron and steel products, but were merely acting as the servants of the various concerns with whom they were dealing. Appellants seek support for this position in a letter written by Aircraft Mechanics, Inc., dated February 26, 1943. The letter was written approximately a year after the relations between the parties had been established. It was apparently written for the purpose of clarifying these relations. It is long and detailed, and no attempt will be made to analyze its provisions in detail. It contains many of the elements of a contract of sale and purchase. The court was warranted in concluding that there was a sale

---

4 Wells Lamont Corp. v. Bowles, Em. App., 149 F.2d 364; Bowles v. Indianapolis Glove Co., 7 Cir., 150 F.2d 597.

5 Emphasis supplied.

and purchase, but the decision does not turn upon that point. Price Regulation No. 49 provides: "The price limitations as set forth in Price Schedule No. 49 shall not be evaded either by direct or indirect methods in connection with a purchase, sale, barter, delivery or transfer of iron or steel products alone or in conjunction with any other material, or by way of any commission, service, transportation, or other charge, or by way of discount, premium, or other privilege, or by way of tying agreement or other trade understanding, or otherwise." A reading of the entire letter leads to the inescapable conclusion that it exhibits a clear intent to evade the maximum price regulation by way of "commission, service, or otherwise." The gravamen is the evasion of a price limitation by direct or indirect methods, and this the parties may not do. The court was warranted in holding that the alleged contract was merely an effort to evade the Act and the regulations promulgated thereunder. The pleadings presented no substantial issue of fact. The only question was the legal inferences and conclusions to be drawn therefrom. The case was properly disposed of under the rule providing for summary judgment proceedings. We find no error in the proceedings before the trial court, and the judgment is therefore affirmed.

Julius H. Soble, of Boston, Mass., for appellant.

Joseph M. Hargedon, Asst. U. S. Atty., of Boston, Mass. (Edmund J. Brandon, U. S. Atty., and Christopher A. Nolan, Atty., Alcohol Tax Unit, both of Boston, Mass., of counsel), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.