ARRINGTON *v.* SAM PENIX GARAGE.

4-8314                                              206 S. W. 2d 757

Opinion delivered December 1, 1947.

Rehearing denied January 12, 1948.

*Bob Booker, Elmer Schoggen* and *J. Ross Robley,* for appellant.

*George W. Shepherd,* for appellee.

McHANEY, Justice. Appellant sued appellee for damages in treble the amount of an overcharge made by appellee to appellant in the sale price of a 1940 one-half ton truck, which sale was made January 19, 1945. He alleged that he paid appellee $550 cash at that time and executed to him one note for $406 payable in monthly installments of $33.87 each which were paid, the last installment being paid on January 23, 1946. He also alleged that the O. P. A. ceiling price on said truck was $468, and that he had been overcharged $488.44, and he prayed damages in treble that amount, or $1,465. The suit was filed on October 26, 1946. Appellee filed a motion to dismiss the action on the ground that the suit was not filed until more than one year after the transaction, and that, under the Price Control Act, regulating the bringing of such suits, one year is fixed as the period of limitations.

The trial court sustained the plea, dismissed the action, and this appeal followed.

The action was brought under the provisions of Emergency Price Control Act of 1942, Title 50, U. S. C. A., Appendix 925, § 205 (e), relative to "enforcement," which provides that the buyer such as appellant here, "may, within one year from the date of the occurrence of the violation—bring an action against the seller on account of the overcharge." Both parties agree that this statute is one of limitation. Appellant insists that the time began to run from the final payment, January 23, 1946, whereas appellee insists it began to run from the date of the sale, January 19, 1945.

The Act itself provides the answer. The action is permissive only, it "may" be brought by the seller, but it can only be brought "within one year from the date of the occurrence of the violation." It appears certain that, if a violation occurred, and we must assume it did, it occurred when the sale was made, January 19, 1945. The fact that a note was given in part payment does not change the "date of the occurrence." In *Schreffler* v. *Bowles,* 153 Fed. 2d 1, it was held that, where goods were sold more than one year, but were shipped and delivered within a year of the bringing of the action by the Administrator (Bowles), the action was not barred. Here the truck was delivered to appellant on the date of sale, and the action was barred.

The judgment is accordingly affirmed.