## CHRISTIANSON et al. v. GAINES.
### No. 9841.

United States Court of Appeals
District of Columbia Circuit.
Argued Feb. 21, 1949.
Decided April 27, 1949.

Mr. H. Winship Wheatley, Jr., of Washington, D. C., with whom Mr. H. Winship Wheatley, of Washington, D. C., was on the brief, for appellants.

Mr. Henry H. Glassie, of Washington, D. C., with whom Mr. Thomas M. Cooley, II, of Washington, D. C., was on the brief, for appellee. Mr. Arthur H. Tibbits, of Washington, D. C., also entered an appearance for appellee.

Before CLARK and WILBUR K. MILLER, Circuit Judges, and GEORGE C. SWEENEY, District Judge, sitting by designation.

SWEENEY, District Judge.

This is an appeal from an order for summary judgment entered by the United States District Court for the District of Columbia on March 8, 1948. After the original complaint was filed a motion for summary judgment was heard and denied, and plaintiffs were given an opportunity to amend their complaint so as to cure a then existing defect. An amended complaint was thereafter filed and it is to this complaint that the motion for summary judgment was granted. The following facts appear from the pleadings and affidavits filed in support of the motion for summary judgment:

The appellants, who will hereinafter be referred to as the plaintiffs, were the owners of 82 acres of land in Loudoun County, Virginia, and on April 1, 1943, entered into a contract for the sale of this property to the appellee, hereinafter called the defendant. On October 27, 1944, the Circuit Court for Loudoun County issued a decree in an action brought by the defendant herein against the plaintiffs herein calling for the specific performance of the contract itself. Specifically, they were:

" * * * directed to convey said land to the complainants by a good and sufficient general warranty deed free of encumbrances within ten days from the date of entry of this decree, taxes and insurance to be prorated as of the date of delivery of the deed, and in the event the said defendants, Marie N. Christianson and Fred H. Christianson, should fail to execute said deed, then Wilbur C. Hall, who is hereby appointed a Special Commissioner for the purpose, shall forthwith proceed to collect the purchase money for the complainants and to make, execute and deliver to the complainants a deed conveying said land to them with special warranty of title."

From this decree the plaintiffs appealed, and the Supreme Court of Appeals of Virginia entered a judgment affirming the lower court on March 4, 1946. Christianson v. Brosius, 184 Va. 958, 37 S.E.2d 50. As a result of this affirmation of its own decree, the Circuit Court for Loudoun County thereafter on May 29, 1946, entered a decree joining one E. O. Farmer, who was a tenant of the plaintiffs on the property in question, as a party to the suit. This joinder was made returnable on June 3, 1946, and on June 10 the Circuit Court made a further order to the tenant, E. O. Farmer, to surrender possession of the land to the defendant on or before the first day of July, 1946. The order also made an adjustment of the growing crops between Farmer and the defendant Gaines. The defendant first entered on the land on July 1, 1946, which was the date specified in the decree, and on the day that she entered the premises there was no personal property of any kind thereon except possibly her own share of the growing crops.

The portion of the amended complaint in which the plaintiffs seek to set out a triable cause of action is:

That being the owners of the land in question they had thereon a valuable herd of cattle and certain improvements of a temporary nature which were designed to be removable in the event that they sold or were compelled to leave the property; on May 23, 1946 after the Supreme Court of Appeals of Virginia had affirmed the lower court but before the lower court had issued a decree after affirmation, the defendant " * * * notified said plaintiffs in writing to vacate at once, and refused to permit any of the cattle or dairy herd of the plaintiffs to graze on said property; that defendant refused to permit said plaintiffs or his tenants to remove any of the growing crops; refused to permit plaintiffs to remove any of the temporary improvements; demanded that everything be removed from said premises under threat to throw all of the personal property, farm equipment and other articles unto the public highway * * * that as a result of these illegal acts on the part of the defendant plaintiff was compelled to sacrifice the dairy herd to prevent the herd from starving, at a figure far below their actual value, was compelled to sell all the farm machinery at far below its actual value; lost all of the temporary improvements made on said property, lost all the growing crops that were on the said farm."

There is no allegation that the defendant was in possession of the real estate or the personal property prior to July 1, 1946. There is no allegation that the defendant physically made a showing of force to accomplish the threat to remove the plaintiffs' articles unto a public highway. The most that is alleged is the receipt of a letter from the defendant containing certain threats. At this point it must be noted that the plaintiffs did not file counter affidavits, although specific authority to do so had been granted them upon request at the time of the hearing of the first motion for summary judgment. The plaintiffs contend that the court below erred in allowing the motion for summary judgment because there are genuine issues as to material facts raised by the pleadings. They state that

536

the gravamen of the amended complaint is that on May 23, 1946, the defendant notified the plaintiffs to vacate at once; refused to permit a dairy herd to graze on the property; refused to permit plaintiffs to remove temporary improvements; threatened to throw all personal property, farm equipment and other articles belonging to the plaintiffs unto the public highway. The affidavits in the case clearly show that the defendant at no time prior to July 1 even entered upon the premises. The complaint does not show or allege a then present ability on the part of the defendant to accomplish the threats she is alleged to have made. From a reading of the pleadings and affidavits, it appears that the entire controversy with regard to both the real estate and personal property was in the hands of the Virginia courts. Their disposition of the matter was not interfered with by anyone and the mandate of the court was followed. Had there been any action in derogation of the court's authority or in contempt of its orders proper proceedings might have been initiated before that court. The effect of the Virginia court's action in setting July 1 as the turn-over date of the property involved to the defendant is tantamount to a declaration that these plaintiffs or their tenants were entitled to the use of the premises until that day. These plaintiffs were no doubt well informed that their rights and their tenants' rights to the property were not to be disturbed under the Virginia court's edict until July 1.

Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., is utilized by litigants to secure justice without unnecessary expense and unnecessary delay. It imposes a duty upon the court to sift the issues in the case and to determine which material facts are really at issue and which are not, thereby facilitating and expediting the trial. This pre-trial sifting is quite similar to the pre-trial procedure provided in Rule 16, except that under Rule 56(d) it is compulsory while under Rule 16 it is discretionary with the court. Rule 8(a) of the Federal Rules, as amended, provides that "a pleading which sets forth a claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *". Reading Rule 56 and Rule 8(a) together, it was the duty of the court to determine whether or not there was a genuine issue of fact in controversy. If so, the parties were entitled to trial and, if not, summary judgment was proper. See 3 Moore, Federal Practice, § 56.01 (1938).

In Lindsey v. Leavy, 9 Cir., 149 F.2d 899, 902, the court stated:

"The sufficiency of the allegations of a complaint do not determine the motion for summary judgment. Cases dealing with and construing Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, clearly indicate to the contrary and if this were not the case, Rule 56 would be a nullity for it would merely duplicate the motion to dismiss."

See also William J. Kelly Co., Inc. v. Reconstruction Finance Corporation, 1 Cir., 1949, 172 F.2d 865.

In Schreffler v. Bowles, 10 Cir., 153 F.2d 1, 3, the court stated:

"The purpose of the rule is to permit the trier to pierce formal allegations of facts in pleadings and grant relief by summary judgment when it appears from uncontroverted facts set forth in affidavits, depositions or admissions on file that there are as a matter of fact no genuine issues for trial."

See also Finlay v. Union Pac. R. Co., D.C., 6 F.R.D. 284, and Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318, 322.

"The principle seems to be that if, under the facts developed, the court at a trial would be required to direct a verdict for the moving party, then a summary judgment should be entered." Miller v. Hoffman, D.C., 1 F.R.D. 290, 292.

The plaintiffs urge that there is in issue the fact whether or not the threatening notice was sent by the defendant and received by the plaintiffs. We will assume that such a fact is established. We must still inquire whether or not a cause of action is stated. Recognizing that there are certain types of tortious conduct whereby through fraud or duress one party may cause injury to another party's property

(see Restatement of the Law of Torts, § 871), nevertheless it appears from the pleadings and affidavits that these parties were already in litigation over the same property, and it could be inferred that all parties were acquainted with their rights and the rights of each other. In this situation as it stood on May 23, 1946, we think there is no causal relationship between anything alleged in the complaint as an activity of the defendant and any injury which the plaintiffs suffered by reason of the hasty sale of their property. Under the decree of the Virginia court plaintiffs and their tenant had a right to be in possession of their property, both real and personal, up to July 1, 1946. Conversely, the defendant under the Virginia decree had no right to enter on the premises or to interfere with the plaintiffs' possession of their personal property until July 1, 1946. The alleged injury occurred prior to the defendant's entry on the property. There is missing from the complaint any connecting link to tie in an alleged tortious act of the defendant with an alleged injury to the plaintiffs. If it be claimed by the plaintiffs that, in addition to the threat, there are other issues of fact, such as the allegation in paragraph 8 that the defendant refused to permit any of the cattle or dairy herd of the plaintiffs to graze on the property, refused to permit said plaintiffs or his tenants to remove any of the growing crops, and refused to permit plaintiffs to remove any of the temporary improvements, these claims must be rejected as being too general. A general statement to the effect that the defendant refused to do this or that is not sufficient compliance with Rule 8 of the Federal Rules, which compels the plaintiff to state succinctly the facts upon which he relies as a basis for a cause of action.

It follows that the judgment below must be, and is,

Affirmed.