John L. LEWIS, Charles A. Owen, and Josephine Roche, as Trustees of the United Mine Workers of America Welfare and Retirement Fund, Plaintiffs,

v.

CLARENCE COAL MINING COMPANY, Incorporated, a corporation, Defendant, and Bertha Friedman, Martin Friedman, David Friedman and Jacob Friedman, individually and d/b/a Clarence Coal Mining Company, a Partnership, Added Defendants.

Civ. No. 4902.

United States District Court
M. D. Pennsylvania.
May 10, 1955.

See also 127 F.Supp. 797.

Paul A. McGlone, Scranton, Pa., John T. J. Brennan, Wilkes-Barre, Pa., for plaintiffs.

Richard H. Warren, Joseph C. Kreder, Scranton, Pa., for defendants.

WATSON, Chief Judge.

The plaintiffs instituted this suit against the defendants to recover sums of money claimed to be due and owing them under the terms of contracts allegedly entered into between the United Mine Workers of America and the defendants. Under the terms of said contracts defendants were to pay to the United Mine Workers of America Welfare and Retirement Fund a certain

specified amount per ton of coal produced for use or sale by the defendants.

This suit was instituted originally by the trustees of the United Mine Workers of America Welfare and Retirement Fund against the Clarence Coal Mining Company, Incorporated, a Pennsylvania corporation. The plaintiffs later amended their complaint and brought upon the record several added defendants including Jacob Friedman.

Jacob Friedman has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Affidavit of Jacob Friedman was filed by him in support of his motion. He prays for summary judgment in his favor on the ground that the pleadings and affidavit show that he is entitled to judgment as a matter of law. This motion for summary judgment is now before the Court for disposition.

 Upon a motion for summary judgment, it is not the function of the Court to decide issues of fact but to determine whether or not there is any issue of fact to be tried. The moving party, here defendant Jacob Friedman, has the burden of showing the absence of a genuine issue of a material fact and all doubts as to the existence of such an issue must be resolved against him. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016; Sarnoff v. Ciaglia, 3 Cir., 1947, 165 F.2d 167.

Jacob Friedman denies that he is obligated to plaintiffs under the alleged contracts. By affidavit he avers that he was never a partner in the partnership known as Clarence Coal Mining Company and that he does not now nor has he ever owned any of the assets of said partnership nor have any profits therefrom been distributed to him. He does aver that he was manager of the partnership as well as creditor and lessor of certain property leased to the partnership. He further alleges that all contracts signed by him with the United Mine Workers of America on behalf of the Clarence Coal Mining Company were signed by him for the partnership as manager and not as a

principal. Two of the contracts were received in evidence. Jacob Friedman's signature appears on one of the contracts followed by the inscription "Mgr". On the other contract his name does not appear.

 Plaintiffs contend by way of affidavit by James Mark, President of District #2, United Mine Workers of America, that, during the periods of time in which the alleged contracts were in force, Jacob Friedman held himself out as part owner of the Clarence Coal Mining Company. Such statement is a conclusion of law and as such does not comply with Rule 56(e) of the Federal Rules of Civil Procedure, 26 U.S.C. which requires that the affidavit " * * * shall set forth such facts as would be admissible in evidence, * * * " James Mark's affidavit alleges further that " * * * subsequent to the execution of the aforesaid contracts, Mr. Jacob Friedman came to my office and stated that he wished to discuss with me his obligations to the plaintiffs under said contracts executed by the Clarence Coal Mining Company." Plaintiffs have made no other statements in opposition to defendant's motion for summary judgment.

Mark has failed to allege in his affidavit that defendant was in fact an owner or part owner of the Clarence Coal Mining Company. Plaintiffs contend that defendant is estopped from denying ownership or part ownership because of his alleged conduct during the periods of time covered by the contracts in question.

 The principle of estoppel is not applicable here. Plaintiffs support their conclusion of law that defendant held himself out as part owner by stating in their affidavit that Friedman, subsequent to the execution of the contracts, came to the office of James Mark to discuss his obligations to plaintiffs under the contracts. Such statement by defendant could not have served as an inducement to enter into the contracts which had been and were in existence at the very time the statement was made. Further-

more plaintiffs have failed to allege that they acted in reliance upon defendant's statement and were or will be injured if defendant is not estopped from denying ownership. Commonwealth v. Moltz, 10 Pa. 527, 51 Am.Dec. 499; Nocatee Fruit Co. v. Fosgate, 5 Cir., 12 F.2d 250.

The only averments of the complaint relevant to Jacob Friedman appear in Paragraph 2 thereof as follows:

"Said added Defendants have alleged that for various periods of time Clarence Coal Mining Company operated as a partnership with the said added Defendants (of which Jacob Friedman is one) as partners therein".

It is nowhere averred that Jacob Friedman was at any time a partner in Clarence Coal Mining Company and later on in the same paragraph it is averred as follows:

"The periods of time during which Clarence Coal Mining Company operated as a corporation, as a partnership or was operated on an individual basis by one or more of the said added Defendants are unknown to Plaintiffs".

It is not averred that Clarence Coal Mining Company operated at any time as a partnership or that it was operated by Jacob Friedman as an individual at any time. The defendant, Jacob Friedman, presented the affidavit above referred to.

■ While the sufficiency of the complaint does not control, the burden was upon the plaintiffs to sufficiently disclose what the evidence will be to show that there is a genuine issue of fact to be tried and this the plaintiffs have failed to do. Wilkinson v. Powell, 5 Cir., 149 F.2d 335; Christianson v. Gaines, 85 U.S.App.D.C. 15, 174 F.2d 534.

The allegations of plaintiffs in their affidavit are not controverted by defendant and therefore the Court may apply the appropriate rule of law to the facts.

Jacob Friedman has met the burden of showing the absence of a genuine issue of a material fact as to his liability under the contracts between Clarence Coal Mining Company and the United Mine Workers of America.

■ For the reasons set forth in this opinion, the motion for summary judgment will be granted and judgment will be entered for the defendant Jacob Friedman.

An appropriate order will be entered herewith.