Phoebe Jane BAXTER et al., Appellants,

v.

David William BEAUPRE et al., Appellees.

No. 13018.

Court of Civil Appeals of Texas.

Galveston.

Nov. 1, 1956.

Rehearing Denied Nov. 22, 1956.

Gerald S. Gordon, Houston, for appellants.

Joe G. Fender, Houston, for appellees.

HAMBLEN, Chief Justice.

Appellants in their brief state the nature of this suit as follows:

"This is an appeal from a Summary Judgment granted by the Trial Court to the Cross-Plaintiff, Appellee herein, for title and possession of real property in Harris County, Texas, based upon a recorded deed of gift from the deceased brother of the appellant.

"Appellant's claim of ownership of the property is based on being the sole devisee of her deceased brother's estate.

"This is not a trespass to try title case, Appellant's cause of action being targeted at showing that the deed of gift to the Appellee herein by her deceased brother nine years prior to his death was apparently obtained by fraud, accident or mistake, under duress, without consideration and failing totally as a gift.

"Certain facts are in dispute, the remainder being stipulated or agreed to. Those facts not in dispute consist of the following:

"(1) James Tilden Meares and his wife at that time, Martha Catherine Meares (Mother of the Appellee by a previous marriage of her own), on October 21, 1943, for the sum of $750.00 cash, acquired title to the unimproved property in question by General Warranty Deed.

"(2) Construction of improvements were subsequently started on this property, and upon the same being partially completed, but suitable for habitation under primitive

conditions, was occupied by James Tilden Meares and his wife, Martha Catherine Meares.

"(3) This property and the improvements thereon, since such time, were occupied and used by James Tilden Meares and his wife, Martha Catherine Meares, and after the death of this wife, by James Tilden Meares and subsequent wives, as a homestead, using, occupying and improving the same constantly, assessing and paying the taxes thereon, claiming the homestead exemption and from time to time efforts were made to sell the property.

"(4) Martha Catherine Meares died testate in Harris County, Texas, devising and bequeathing her estate to James Tilden Meares. James Tilden Meares married one or more times, and died testate in Harris County, Texas, wherein his estate was bequeathed and devised to Appellant herein.

"(5) On September 12, 1946, nine years prior to the death of James Tilden Meares, a deed dated September 3, 1946, from James Tilden Meares to Appellee and his wife, was filed for record, conveying the property for '$10.00, love and affection'.

"(6) James Tilden Meares and his wives in succession continued to live on the property on and after September 3, 1946, and at no time did the Appellee herein claim, use, own or occupy the property, assess or pay taxes thereon, exercise any dominion, right or interest therein.

"Certain facts are unknown and are disputed, the same being:

"(a) Whether the sum of $10.00, or any other consideration was ever actually paid for the deed of gift.

"(b) Whether the deed was one of gift or of sale.

"(c) Whether the consideration of 'love and affection' was rendered or to be rendered.

"(d) Whether the deed was contractual in nature.

"(e) Whether the deed had been obtained by fraud, duress, mistake, or by accident.

"(f) Whether the deed constituted a mortgage for moneys advanced by Appellee.

"(g) Whether the deed was a gift Vel Non in praesenti."

To appellants' statement we feel that we should add that appellees, after answering appellants' petition, cross-acted in statutory trespass to try title. In view of the admitted common source of title, and the seniority of appellees' title out of such source, it is apparent that appellees are entitled to recover on their cross-action, unless appellants are successful in setting aside the deed under which appellees deraign title.

Appellants attack the judgment adverse to them in two points of error, as follows:

1. "The Trial Court erred in granting Summary Judgment based upon the pleadings, since genuine issues of fact existed as to whether the deed to Appellee was executed or filed by accident or mistake, under duress, or obtained by fraud.

2. "The Trial Court erred in granting Summary Judgment based solely upon the deed, since genuine issues of fact existed as to whether such instrument was a gift inter vivos."

Such points are answered by appellees in three counter-points, as follows:

1. "There is no genuine fact issue as to accident, mistake duress or fraud in the execution and filing of the deed in controversy.

2. "It is wholly immaterial that it was agreed between the parties to the deed from James Tilden Meares and wife, Martha Catherine Meares, that Meares would be permitted to occupy the premises until the date of his death.

3. "It is wholly immaterial whether cash consideration was paid by Appellees to

James Tilden Meares and wife, Martha Catherine Meares, and, further, immaterial whether there was any love and affection, in truth or fact, between Appellee, D. W. Beaupre, and James Tilden Meares."

After examining the record we conclude that appellees' motion for summary judgment was properly granted and that the judgment of the trial court should be affirmed.

The only portions of appellants' trial pleadings which have any relationship to the relief prayed for are the following:

"V.

"That on or about September 3, 1946, as recorded in Volume 1499, page 156, Deed Records of Harris County, Texas, James Tilden Meares purported to execute a Deed of gift or testamentary instrument purporting to convey to David William Beaupre and wife, Thelma Ann Beaupre, the property and improvements herein described, while the said James Tilden Meares was married to the mother of said David William Beaupre, and that although such instrument was purported to be executed for $10.00 cash and love and affection, in truth and in fact,

"(a) No consideration was paid therefor;

"(b) No love and affection was actually given or displayed to the said James Tilden Meares in his lifetime or at his death;

"(c) No actual delivery or possession of the property and improvements was made or tendered to the said David William Beaupre and Thelma Ann Beaupre; and

"(d) No constructive or other possession, rights, interest or title was ever, directly or indirectly, tendered to, accepted or exercised by the said David William Beaupre and Thelma Ann Beaupre.

"VI.

"Plaintiff alleges that after the execution of such instrument dated September 3, 1946, from James Tilden Meares to David William Beaupre, et ux., James Tilden Meares continued in possession of the property and improvements, claiming and occupying the same as his homestead, paying taxes thereon, improving and remodeling the same, and after the death of the mother of David William Beaupre, subsequently married the Defendant Ida Lipske Meares, who survived him at the time of his death in Harris County, Texas.

\*   \*   \*   \*   \*   \*

"X.

"Plaintiff specifically alleges that James T. Meares retained possession of the property inconsistent and contrary with the terms and conditions of the purported deed to David William Beaupre, et ux., dated September 3, 1946, such retention of possession being inconsistent, foreign and hostile to the idea of an executed gift, and that although such instrument may, on its face, appear to be a general warranty deed, in truth and in fact, possession was not delivered to the Defendants, David William Beaupre, et ux., during the life of the Donors, and thereby the gift, if any, failed and title to such property in David William Beaupre, et ux., accordingly failed.

"XI.

"Plaintiff alleges specifically that no delivery of the property in question was made during the life of the Donors, and that actions inconsistent with the idea of a gift performed by the Donors during their lifetime, included (1) listing the property for sale from time to time; (2) adding to and improving such property; (3) improving the property by obligating the same under an F.H.A. Improvement Loan; (4) rendering and paying taxes in his own name; (5) failing and refusing to atone to anyone as Owner; and (6) discussing testamentary disposition of the same with various persons.

"XII.

"Plaintiff alleges that the Defendants, David William Beaupre, et ux., have never

accepted possession of the property or premises, or exercised dominion or control over the same during the lifetime of James Tilden Meares or his wives, and never asserted any claim or ownership thereon or thereof, have never used or possessed the same, have never paid taxes thereon, and have never held the same adversely, in fact or constructively, and that such gift, if any, on the part of James Tilden Meares during his lifetime, failed of no delivery and no acceptance of delivery."

Rule 166-A, Texas Rules of Civil Procedure, provides in part as follows:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

▆▆▆ It is to be noted that in order to defeat the entry of a summary judgment because there exists a genuine issue on the fact to be determined, such fact must be material. A motion for summary judgment is, therefore, analogous to a general demurrer. Where a motion for summary judgment relies upon the pleadings alone it partakes of the office of a general demurrer, but in addition its office is to pierce the pleadings and ascertain whether there are material issues of fact supporting plaintiff's allegations or defendant's defense. Statham v. City of Tyler, Tex.Civ. App., 257 S.W.2d 742; Meyer v. Wichita County Water Improvement Dist., Tex. Civ.App., 265 S.W.2d 660.

▆▆▆ It seems to this Court, after examining appellants' pleadings, that most of the facts therein alleged are immaterial to the determination of their right to the relief which they seek. It is settled law in this state that consideration for a deed is not required. 14B Tex.Jur., page 488, Sec. 55. It has also been authoritatively

held that retention of possession by the grantor is not inconsistent with or repugnant to the grant. Hansen v. Bacher, Tex. Com.App., 299 S.W. 225. In Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65, the Supreme Court of Texas held that retention of possession by the grantors in a deed must be regarded as subservient to the title held by their grantees. That holding was re-affirmed in Sweeten v. Park, 154 Tex. 266, 276 S.W.2d 794. Appellants do not here rely on any plea of limitation. Their allegations of actions by the grantor inconsistent with the purport of the deed itself do not constitute allegations of any fact upon which could be supported the relief which they seek, but are at most recitations of evidence which might, by inference, support a fact if pleaded.

▆▆▆ Appellants, in section (d) of paragraph V of their petition, do state facts which might be construed as allegations of nondelivery of the deed by the grantor, and of nonacceptance thereof by the grantee. However, it must be noted that in the same paragraph, appellants allege that the deed which they seek to have set aside has been recorded in Harris County, and state the volume and page of the record wherein it is registered. No rule of law is better established than that which holds that registration of a deed is prima facie evidence of delivery by the grantor, as well as acceptance by the grantee. See 14B Tex.Jur., page 566, section 121. In addition to the presumption to which the registration of the deed gives rise, the record reflects that depositions of appellee David William Beaupre were taken by appellants, which action, appellants admit, constitutes a waiver by them of the provisions of Article 3716, V.A.T.S. In such deposition the witness unequivocally testified to the delivery of the deed to him by the grantor, and to his acceptance thereof. An affidavit to the same effect was attached to the motion for summary judgment. The witness both testified to and swore to an agreement between grantor and grantee

that grantee would hold the title but that grantor could, during his life, remain in possession. The deed is shown to have been properly acknowledged and filed for record within a few days after its date. Neither the presumption thereby created nor the fact testified to and sworn to by appellees were in any manner controverted by appellants. No amended pleading was filed. Therefore, even if appellants' petition alleges a cause of action, the summary judgment was properly entered upon the failure to controvert the affidavits supporting the motion. In Christianson v. Gaines, 85 U.S.App.D.C. 15, 174 F.2d 534, it is held that the mere sufficiency of allegations of complaint does not determine defendant's motion for summary judgment, and that the purpose of federal rule providing for summary judgment is to permit the trier to pierce formal allegations of facts in pleadings and grant relief by summary judgment when it appears from uncontroverted facts set forth in affidavits, depositions, or admissions on file that there are as a matter of fact no genuine issues for trial. See also Lindsey v. Leavy, 9 Cir., 149 F.2d 899, 902, and Schreffler v. Bowles, 10 Cir., 153 F.2d 1, 3.

On this appeal appellants say that the deposition of appellee, David William Beaupre, discloses facts which support the conclusion that the deed was fraudulently procured. We have carefully examined the deposition and fail to find such evidence. However, aside from that, appellants' pleadings contain no allegation that the deed was fraudulently procured, and no allegation of any fact upon which fraudulent procurement could be based.

Appellants also say that the testimony contained in the deposition would support a finding that the deed was intended as a mortgage. Not only is there no pleading to that effect but the contention is inconsistent with their plea, if it be such, of nondelivery and nonacceptance. It is our understanding that in order to set aside a deed, upon the theory that it was intended as a mortgage, not only must the fact be pleaded but the pleader must do equity by tendering the amount of the mortgage to the purported grantee. Here both the plea and the tender are absent.

Judgment affirmed.

CODY, J., not sitting.