**Dale DAVIS, Appellant,**

v.

**Richard A. MAHRER, dba Mahrer Implement Co., Appellee.**

**No. 7954.**

Court of Civil Appeals of Texas.

Amarillo.

June 16, 1969.

Tark Cook, Perryton, for appellant.

Linn, Helms & Countiss and Richard N. Countiss, Spearman, for appellee.

NORTHCUTT, Justice.

This was a suit by appellee, Richard A. Mahrer, dba Mahrer Implement Co., against appellant, Dale Davis, to recover money due on a certain promissory note dated the third day of November, 1964, in the original principal amount of $1,600.-00 with interest thereon at the rate of 7% until paid. Appellant filed a counterclaim prior to the motion for summary judgment alleging an accord and satisfaction. The trial court ordered that appellant take nothing by his cross action on motion for summary judgment by the appellee. The trial court granted appellee judgment against appellant for the total amount of $1,259.52 being the principal and interest due on said note less certain payments and credits. From that judgment appellant perfected this appeal.

Appellant presents this appeal upon two assignments of error. By appellant's first point of error it is contended the court erred in granting appellee's motion for summary judgment on the pleadings when appellant's verified answer, counterclaim and affidavits raised a genuine issue of fact for a jury to answer. Appellant does not deny the validity of the note, but by his counterclaim contends that he had made an agreement with appellee to pay part of the note and work out the rest of it by harvesting appellee's crop, but that when he attempted to work out the note appellee refused to permit him to do so.

Appellee's ownership of the note by execution thereof by appellant and the balance due are all matters which were uncontroverted in the pleadings, and appellee was prima facie entitled to judgment unless material fact issues were raised in appellant's pleadings as to any valid defense.

The real issue according to the pleadings, affidavits and depositions on file in this case is, was there an agreement ever consummated between the appellant and appellee as claimed by appellant. The only contention made by appellant as shown

by his deposition was that he was to be permitted to work out the balance due on the note, and that he made such a proposition to Mr. Countiss, the attorney that had the note in question for collection. According to appellant's deposition the attorney replied to appellant's proposal that that he would contact Mr. Mahrer and see if he would be satisfied. Mr. Mahrer refused the proposal and submitted another proposal. No agreement was ever made. Appellant's deposition further shows that appellant never approached the appellee about cutting any wheat for him. The record further shows that appellee never at any time had any wheat to be harvested.

The purpose of Rule 166-A, Summary Judgment Procedure, is the prompt determination of whether genuine issues of fact are presented by the record; and Section (c) of Rule 166-A provides:

" * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The object of the rule is to permit the granting of summary judgments when it appears from the uncontroverted facts set forth in affidavits, depositions or admissions on file that as a matter of law there are no substantive issues of fact presented for trial. The rule imposes a duty upon the court to consider the issues in the case and to determine what material facts are really at issue and which are not, thereby expediting the trial.

Statements in affidavits that are mere conclusions of law which are not admissible in evidence, or which do not affirmatively show the affiant to be competent to testify to the matters stated therein, are insufficient to warrant the overruling of a motion for summary judgment. Sparkman v. McWhirter, Tex.Civ.App., 263

S.W.2d 832 (writ refused); Farmers State Bank v. First State Bank of Liberty, Tex. Civ.App., 317 S.W.2d 768; Mason v. Mid-Continent Supply Co., Tex.Civ.App., 374 S.W.2d 922 (n.r.e.); Christianson v. Gaines, 85 U.S.App.D.C. 15, 174 F.2d 534. In this case appellant's admissions clearly show he did not have any agreement with appellee as pleaded and contended by him. Consequently, he was not competent to testify to the contrary. Appellant's first point is overruled.

By appellant's second point of error it is contended the court erred in granting summary judgment for the amount stated in the judgment because the amount claimed to be owed was not correct. The note was properly before the court, and the only payment contended that was ever made was the $400.00 and there was another credit given on the note that was not even paid by the appellant. There was no question ever raised in the pleadings, depositions or affidavits as to the correctness of the balance due upon the note. Appellant's second point is overruled. The judgment of the trial court is affirmed.