**Alberto OROZCO, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. No. 72 1217.**

United States District Court,
S. D. Florida.

Nov. 29, 1972.

Hugh H. Bernstein of Bernstein & Robrish, Coconut Grove, Fla., for plaintiff.

Martin Van Haasteen of Talburt, Kubicki, Vogler & Carhart, Miami, Fla., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

ATKINS, District Judge.

This cause is before the Court on defendant's motion for a summary judgment. The Court has considered the memoranda submitted by both parties, as well as the affidavits in support of and in opposition to the motion pursuant to Rule 56 of the F.R.Civ.P. It is the considered opinion of this Court that summary judgment must be granted for the defendant.

At the outset the Court acknowledges those cases that hold, and correctly so, that summary judgment is not to be granted if there remains "a genuine issue as to any material fact." Insurance Co. of North American v. Bosworth Const. Co., 469 F.2d 1266, 1268 (5th Cir. 1972) and cases cited therein. "The burden is on the moving party to show that there is not the slightest doubt as to the facts and that only the legal conclusion remains to be resolved." Bosworth, *supra*, at 1268.

This cause was brought by the plaintiff Orozco on the basis of diversity of citizenship alleging damages in excess of $10,000.00 resulting from the State Farm's alleged failure to arbitrate pursuant to the terms of the policy in effect between Orozco and State Farm. The need for arbitration resulted from

the claim of damages asserted by Orozco arising from an automobile accident in which he was involved on April 6, 1971. The losses incurred by Orozco were alleged to be covered by the uninsured motorist provisions of Orozco's insurance contract with State Farm and for the purpose of this motion this allegation will be accepted as true.

Pursuant to the terms of the policy in effect between Orozco and State Farm [1] the defendant requested Orozco to submit to a medical examination by a physician named by State Farm. On March 2, 1972, Mr. Orozco was examined by Dr. Edward S. Truppman. Dr. Truppman submitted a report to State Farm based on his examination, but further recommended that Orozco see a specialist in the type of injury he had sustained. An appointment with the specialist was made, but Mr. Orozco never kept the appointment and he refused to be examined further. Mr. Orozco subsequently demanded arbitration of the dispute, but was resisted by State Farm based on his failure to comply with the condition precedent of submitting to as many examinations as was reasonably necessary. Following the refusal of State Farm, this action resulted.

The only material issue of fact which the plaintiff alleges to remain at this juncture is whether or not the insurance policy in question was breached by Mr. Orozco. If that was a material issue of fact still at issue, this summary judgment would not be proper. Renuart-Bailey-Cheely Lumber and Supply Co. v. Phoenix of Hartford Ins. Co., 474 F.2d 555 (5th Cir. 1972).

However, a question of fact is not at issue when reasonable men could not differ on the existence of the fact. "We are of the opinion that if this information were presented at trial, intervenor would be entitled to a directed verdict in her favor, and it has been said that if the information presented entitles one to a directed verdict, a summary judgment is in order." Lundeen v. Cordner, 354 F.2d 401, 407 (8th Cir. 1966). *See also,* Christianson v. Gaines, 85 U.S. App.D.C. 15, 174 F.2d 534, 536 (1949); Miller v. Hoffman, 1 F.R.D. 290, 292 (D. N.J.1940); and 6 Moore's Federal Practice ¶ 56.11[3] (2nd Ed.1972) at 2168. This is not a question of construing insurance policy provisions to determine if notice of a claim was given "as soon as practicable" as was the case in RBC Lumber v. Phoenix of Hartford, *supra,* 174 F.2d at 557. The action of Orozco is not being "judged by the harsh standard of hindsight." Id. at 558. Here Orozco failed to submit himself for the second physical examination that was requested of him by the insurance company, and no reasonable man could find that request to be "unreasonable" within the terms of the policy section in question.[2]

Having breached the contract of insurance by failing to comply with the conditions precedent to the imposition of liability upon the defendant, the plaintiff cannot maintain his cause of action on the policy in this Court.[3]

---

1. Proof of Claim; Medical Reports.

\*   \*   \*   \*   \*

The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical experts and copies of records.

2. The Court is also not unmindful of the fact that this insurance policy requires arbitration of the claim in question. To allow a lawsuit to remain in Federal Court on the question of whether the agreement to arbitrate has been breached by either party when there is no doubt that the plaintiff in the action has failed to live up the contractual terms of the policy defeats the entire purpose of providing for arbitration of the dispute.

3. 11. Action Against Company. No action shall be against the company unless, as a condition precedent thereto, the insured or his legal representative has fully complied with all the terms of this endorsement.

It is true that conditions are inserted in insurance policies by the insurer for its protection and should be construed, where such construction is permissible, against the insurer. Hoffman v. Illinois National Casualty Co., 7 Cir., 159 F.2d 564, 565. It is equally true, however, that the insurance policy is the contract between the parties and that the provisions of that contract which are clear and unambiguous and which are neither illegal by statute nor by reason of their being against public policy, should be enforced by the courts. The courts may not rewrite for the parties insurance contracts which are clear and unambiguous.

Hawkeye-Security Insurance Co. v. Myers, 210 F.2d 890, 893 (7th Cir. 1954), quoted with approval in American Empire Ins. Co. of S. D. v. Fidelity & Dep. Co. of Md., 408 F.2d 72, 77 (5th Cir. 1969), and Greyhound Corp. v. Excess Insurance Co. of America, 233 F.2d 630, 634 (5th Cir. 1956).

The defendant's motion for summary judgment shall be and it hereby is granted